

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,340

### Ex parte CHARLES JOHN SINEGAR, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 92880-A IN THE 252ND DISTRICT COURT
### JEFFERSON COUNTY

**KELLER, P.J., delivered the opinion of the unanimous Court.**

We hold that the requirements of Rule 18a,[1] regarding the recusal of judges, apply in habeas proceedings conducted at the trial level and that applicant satisfied those requirements here. Consequently, we remand this case for the trial judge to rule on applicant's motion to recuse pursuant to Rule 18a(c).

## I. BACKGROUND

Applicant pleaded no contest to aggravated kidnapping and was placed on ten years' deferred adjudication. His guilt was later adjudicated, and he was sentenced to seventy-five years in prison.

---

[1] TEX. R. CIV. P. 18a.

Acting *pro se*, applicant subsequently filed a habeas application under Article 11.07.[2]  This application alleges, *inter alia*, that he received ineffective assistance of counsel at the adjudication hearing because counsel failed to seek the recusal of the trial judge.  Applicant claims that the judge was subject to recusal because one of the allegations in the motion to adjudicate was that applicant made verbal threats against the same judge.  The judge in the present habeas proceedings was also the trial judge at the adjudication hearing.

Applicant subsequently filed a "rebuttal to the State's original answer."  This document was mailed with a cover letter and certificate of service dated October 29, 2009, and was filed-marked by the district clerk on November 2nd.  In this pleading, applicant alleges, *inter alia*, that "this habeas proceeding cannot be entertained or resolved by" the trial judge because of applicant's "allegations of bias or the semblance thereof against him."  Applicant then refers to the recusal ground in his habeas application and supporting memorandum.  Applicant further requests that a recusal hearing occur with an administrative judge before the trial court issues findings of fact and conclusions of law. Although the document is not notarized, it contains applicant's signature to a declaration, "under the penalty of perjury," that the allegations in the document are "true and correct."[3]

The trial judge ordered counsel to file an affidavit by November 20th.  The order states that a hearing consisting only of the affidavit would be held on that date.  On the date of the hearing, the trial judge filed findings of fact and conclusions of law recommending that relief be denied.

On January 13th of this year, we determined that we needed more information and remanded

---

[2] TEX. CODE CRIM. PROC. art. 11.07.

[3] All of applicant's subsequent recusal documents contain the same declaration.

the case for further fact finding.[4] On January 25th, the district clerk received from applicant a document entitled, "motion for recusal hearing," seeking an administrative hearing to determine whether the trial judge should be recused from further involvement in the habeas proceedings.[5] This document alleged that the trial judge should be recused because of bias due to the trial judge's perception that a threat was made against him (alleged in the State's motion to adjudicate). On January 28th, the trial judge, deferring to this Court, entered an order that declined to address this motion:

> The Court has considered a Motion for Recusal Hearing filed by Petitioner in the above styled number. The Court finds that it will not address this Motion because the case in question is pending by way of Application for Writ of Habeas Corpus in the Court of Criminal Appeals. The Court must wait on the ruling on this application before acting on this motion.

On February 11th, the district clerk received from applicant a document entitled, "motion to disqualify and motion to recuse," which reiterated the arguments from applicant's earlier motion.[6]

On February 24th, the trial judge requested a copy of a PSI report, to be delivered by March 5th. The trial judge also ordered an affidavit from the attorney who represented applicant at the original plea proceeding, to be delivered by March 25th. The order for the affidavit specified that a hearing consisting only of the affidavit would be held on March 25th. On March 15th, applicant filed an objection to the trial judge considering the affidavit before resolution of applicant's pending

---

[4] *Ex parte Sinegar*, WR-73,135-01, slip order (Tex. Crim. App. January 13, 2010) (not designated for publication).

[5] The certificate of service to the State and the cover letter to the district clerk are dated January 22nd.

[6] The certificate of service to the State and the cover letter to the district clerk are dated February 5th.

motion to disqualify/recuse.[7] The trial judge issued additional findings of fact on March 31st.

We subsequently filed and set this case to determine "whether the motions filed by Applicant requesting recusal or disqualification of the trial judge from the habeas proceedings complied with the requirements of Rule 18a of the Texas Rules of Civil Procedure, and if so, whether the trial court must address the motions as dictated by Rule 18a before this Court decides the other issues raised in Applicant's writ of habeas corpus."[8]

## II. ANALYSIS

In *Arnold v. State*, we held that Rule 18a applies to criminal cases.[9] By its terms, the rule does not apply to a hearing before the Court of Criminal Appeals.[10] And we have never explicitly held that the rule applies in habeas proceedings in the trial court. Nevertheless, we held in *Arnold* that Rule 18a "applies to criminal cases absent 'any explicit or implicit legislative intent indicating otherwise.'"[11] Consequently, we hold that Rule 18a applies in habeas proceedings that occur before the trial court.

Rule 18a(a) requires, *inter alia*, that a recusal motion be filed at least ten days before the date set for trial "or other hearing," that the motion be verified, and that the motion state with particularity

---

[7] The certificate of service to the State and the cover letter to the district clerk are dated March 10th.

[8] *Ex parte Sinegar*, No. AP-76,340, slip op. (Tex. Crim. App. May 5, 2010) (not designated for publication). Counsel was subsequently appointed to represent applicant on this issue.

[9] 853 S.W.2d 543, 544 (Tex. Crim. App. 1993).

[10] TEX. R. CIV. P. 18a(a).

[11] *Arnold*, 853 S.W.2d at 544.

why the judge should be recused.[12] Rule 18a(b) requires that, on the day the motion is filed, copies be served upon all other parties or their counsel of record and that the motion be accompanied by "a notice that the movant expects the motion to be presented to the judge three days after the filing of such motion unless otherwise ordered by the judge."[13]

All of applicant's recusal documents were filed ten days or more before the March 25th hearing and the March 31st issuance of findings of fact.[14] All of applicant's recusal documents are accompanied by statements that satisfy the requirements for an unsworn declaration by an inmate.[15] And the documents allege bias by the trial judge based on a particular threat alleged to have been made by applicant. Applicant's documents also satisfy the same-day service requirement because they were mailed by a *pro se* inmate to both the clerk and the State on the same day. We have recently held that a document is considered filed by a *pro se* inmate on the day it is deposited with the prison or jail authorities.[16] Appellate rule 9.5 provides that service upon a party by mail is

---

[12] *Id.* If a judge is assigned to a case within ten days of trial or hearing, the motion must be filed "at the earliest practicable time prior to the commencement of the trial or other hearing." TEX. R. CIV. P. 18a(e).

[13] TEX. R. CIV. P. 18a(b).

[14] Applicant's "rebuttal," which first mentioned recusing the trial judge in the habeas proceedings, was filed more than ten days before the trial judge's first hearing (on November 20th) and the issuance of the initial findings of fact and conclusions of law. As we will see below, however, the "rebuttal" was deficient in other respects.

[15] *Bahm v. State*, 219 S.W.3d 391, 393 (Tex. Crim. App. 2007) (unsworn declaration requirements "are simply that the unsworn declaration must be (1) written and (2) subscribed by the person making the declaration as true under penalty of perjury") (internal quotation marks omitted).

[16] *Campbell v. State*, 2010 Tex. Crim. App. LEXIS 1168 (September 22).

complete upon mailing.[17] The State contends that the document[18] it received contains no file mark, but applicant's certificate of service is sufficient evidence of service on the date indicated, absent rebuttal evidence from the State.[19]

Not all of applicant's recusal documents complied with the three-day notice provision. None of the documents specified that applicant expected to present his recusal motion in three days. His first document, the "rebuttal," was not even titled as a recusal motion, and we have no evidence that the trial court ever perceived it as such. Although applicant's second document, the motion for recusal hearing, also did not contain the notice, the trial judge responded to that motion in an order saying that the motion would not be addressed. Under those circumstances, we conclude that the trial court "otherwise ordered" when the motion would be presented—that is to say, not at all.[20] We hold that applicant's second document complied with the notice provision.

Because applicant has complied with Rule 18a, the trial judge has no option but to either recuse himself or forward the matter to the presiding judge of the administrative judicial district for

---

[17] TEX. R. APP. P. 9.5(c)(1); *see also id.*, R. 1.1 (appellate rules govern post-trial procedure in trial courts in criminal cases).

[18] The State does not specify to which of applicant's recusal documents it is referring.

[19] TEX. R. APP. P. 9.5(d) (proof of service by certificate of service); *In re E.A.*, 287 S.W.3d 1, 5 (Tex. 2009) ("A certificate of service is prima facie evidence of the fact of service.").

[20] We recognize that the three-day notice requirement may pose some difficulties with respect to *pro se* inmates. A *pro se* inmate has no way of guaranteeing presentment other than to clearly label his motion as one of recusal and to ask for a hearing. Procuring presentment in exactly three days may also be difficult because there will be a lapse of time between when a *pro se* inmate deposits his motion with the prison authorities and when the motion is received by the clerk and the State. The question would arise, then, whether a *pro se* inmate can truthfully say that he expects the motion to be presented in three days, and if not, whether he should be required to make such an assertion. We need not address those difficulties in this case.

a recusal hearing before another judge.  We remand this case for the trial judge to do so.


Delivered: November 3, 2010
Publish