IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-74,550-01






EX PARTE JETHREL ROUNDTREE, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 1107025 IN THE 184TH DISTRICT COURT


FROM HARRIS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of delivery of a
controlled substance and sentenced to eighty years' imprisonment. The Fourteenth Court of Appeals
affirmed his conviction. Roundtree v. State, No. 14-07-00876-CR (Tex. App.-Houston [14th Dist.]
Feb. 19, 2009, pet. ref'd). 

 Applicant contends, among other things, that trial counsel rendered ineffective assistance
because he failed to prevent the State from eliciting extraneous misconduct evidence from James
Graham. On November 10, 2010, we remanded this application and directed the trial court to make
findings of fact and conclusions of law after obtaining a response from trial counsel. On remand, trial
counsel filed a sworn affidavit in response to Applicant's claim, and the trial court made findings
of fact and concluded that Applicant had not established that trial counsel's performance was
deficient and that Applicant was prejudiced. 

 In a supplement filed with this Court, the Honorable Jan Krocker noted that on February 7,
2011, when she adopted the State's proposed findings of fact and conclusions of law, she was
unaware that Applicant had filed a motion to recuse. On February 22, Judge Krocker declined to
recuse herself and referred the matter to the Honorable Olen Underwood, the Presiding Judge of the
Second Administrative Judicial Region. Tex. R. Civ. P. 18a. On March 28, we received a copy of
Judge Underwood's order denying Applicant's motion to recuse. 

 The requirements of Rule 18a apply to habeas proceedings in trial courts. Ex parte Sinegar,
324 S.W.3d 578 (Tex. Crim. App. 2010). Because a motion to recuse was pending when Judge
Krocker adopted the State's proposed findings and conclusions, we decline to adopt her findings and
conclusions. (1) We believe that Judge Krocker should make new findings and conclusions, as we
explain below.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact and conclusions of law as to whether
Applicant or the State opened the door to testimony that Graham had purchased cocaine from
Applicant on six to eight previous occasions. If the trial court finds that the State improperly opened
the door to this testimony, the trial court shall determine whether trial counsel's performance was
deficient because he failed to properly object. If the trial court concludes that his performance was
deficient, it shall determine whether Applicant was prejudiced. In determining whether Applicant
was prejudiced, the trial court shall set out the reasons for its determination. The trial court shall also
make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: April 6, 2011

Do not publish

1. Under Rule 18a(c), after a motion to recuse is filed, before "any further proceedings in
the case, the judge shall either recuse himself or request the presiding judge of the administrative
judicial district to assign a judge to hear such motion."