In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00035-CR

                                                ______________________________

 

 

                                      CHRISTINE L.
CAMP, Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 188th
Judicial District Court

                                                             Gregg County, Texas

                                                          Trial Court
No. 39278-A

 

                                                        
                                          

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            On the basis
of a tip from a confidential informant, authorities obtained a warrant to search
Christine L. Camp’s Gregg County residence. 
The search uncovered cocaine. 
From Camp’s conviction for possession of cocaine, in an amount of four
grams or more but less than 200 grams, with intent to deliver, and her sentence
of five years’ confinement, Camp appeals, complaining that the trial judge
erroneously did not recuse and that Camp was erroneously denied the identity of
the confidential informant.  We affirm
the trial court’s judgment, because (1) no recusal issue has been preserved for
review and (2) Camp did not establish a right to learn the confidential
informant’s identity.

(1)        No Recusal Issue Has Been Preserved for
Review

 

            Camp argues
that recusal of the trial judge was required because he signed the probable
cause affidavit authorizing officers to search Camp’s home.[1]  Rule 18a of the Texas Rules of Civil
Procedure sets forth procedural requirements for seeking recusal.  See Barron
v. Attorney Gen., 108 S.W.3d 379, 382 (Tex. App.—Tyler 2003, no pet.); Gill v. Tex. Dep’t of Criminal Justice, Institutional Div., 3 S.W.3d 576, 579
n.3 (Tex. App.—Houston [1st Dist.] 1999, no pet.); see also Tex. R. Civ. P.
18a.  “At least ten days before the date
set for trial . . ., any party may file with the clerk of the court a motion
stating grounds why the judge before whom the case is pending should not sit in
the case.”  Tex. R. Civ. P. 18a(a). 
When a timely motion is filed, “the judge shall either recuse himself or
request the presiding judge of the administrative judicial district to assign a
judge to hear such motion.”  Tex. R. Civ. P. 18a(c).  This civil rule applies to criminal
cases.  Ex parte Sinegar, 324 S.W.3d 578, 581 (Tex. Crim. App. 2010)
(citing Arnold v. State, 853 S.W.2d
543, 544 (Tex. Crim. App. 1993) (en banc)); DeLeon
v. Aguilar, 127 S.W.3d 1, 5 n.3 (Tex. Crim. App. 2004) (orig. proceeding).

            The right to
complain of a judge’s refusal to recuse is waived if a party does not comply
with the mandatory requirements of Rule 18a.  Barron,
108 S.W.3d at 382; see Gill, 3 S.W.3d
at 579.  Under the rule, the party shall file
a timely, written, and verified motion to recuse.  Tex. R.
Civ. P. 18a; see Aguilar, 127
S.W.3d at n.3; Barron, 108 S.W.3d at
382–83; Gill, 3 S.W.3d at 579.  Therefore, absent a timely, written, and
verified motion to recuse, a party fails to preserve any issue for appeal.  Barron,
108 S.W.3d at 383 (noting possible exception regarding timeliness); see Gill, 3 S.W.3d at 579.  In a criminal case, a trial judge has no duty
to recuse or refer if the recusal motion is not timely filed.  Aguilar,
127 S.W.3d 1, 5 n.3.

            The
following discussion, which occurred at the beginning of the hearing on Camp’s
motion to require disclosure of confidential informants, is the only hint in
the record suggesting that Camp wished for the trial judge to recuse:

[Defense
Attorney]:    And, Your Honor, just
prior—just for the record, I don’t know if—if it’s up to the Court, the actual
probable cause—or the affidavit was signed by you for the search warrant, so I
don’t know if that has any bearing.

 

THE COURT:  I don’t think that disqualifies me from
hearing it.

 

[Defense Attorney]:  Okay, Your Honor.  I just wanted to put that on the record.

 

Camp failed to file a motion to recuse complying with the requirements
of Rule 18a.  Therefore, Camp “waived
[her] appellate complaint” related to recusal. 
Arnold, 853 S.W.2d at
545.  We overrule this point of error.

(2)        Camp Did Not Establish a Right to Learn
the Confidential Informant’s Identity

 

            Camp also
claims the trial court erred in not ordering disclosure of the identity of the
confidential informant providing the information on which the search warrant
was based.  To provide clarity, we
emphasize here that Camp does not challenge the issuance of the search warrant
itself.  Therefore, this analysis should
not be confused with a probable-cause analysis under the United States
Constitution.  The issue is whether,
under Rule 508(c) of the Texas Rules of Evidence, the identity of the informant
should have been disclosed.

            Under
applicable rules, the State has a “privilege to refuse to disclose the identity
of a person who has furnished information relating to or assisting in an
investigation of a possible violation of a law to a law enforcement officer.”  Tex. R.
Evid. 508(a).  But there are
exceptions to that privilege.  Disclosure
may be required, “if it appears from the evidence in the case or from other
showing by a party that an informer may be able to give testimony . . . on
guilt or innocence in a criminal case” or “if information from an informer is
relied upon to establish the legality of the means by which evidence was
obtained and the court is not satisfied that the information was received from
an informer reasonably believed to be reliable or credible.”  Tex. R.
Evid. 508(c)(2), (3).  Because the
informant was not present when officers executed the search warrant and found
the contraband, the informant would not be expected to be able to provide
testimony on guilt or innocence in this possession case.[2]  Thus, our focus is appropriately on whether
subparagraph (3) of Rule 508(c) would require disclosure of the informant’s
identity, on the basis that the informant was relied on to furnish the legality
for the search that turned up the contraband and that the trial “court is not
satisfied” that the informant was “reasonably believed to be reliable or
credible.”

            Just filing
a motion for disclosure under Rule 508 does not entitle a defendant to a “hearing,
much less compel disclosure.”  Bodin v. State, 807 S.W.2d 313, 318 (Tex.
Crim. App. 1991).  The defendant has the
threshold burden of demonstrating that the State must disclose the informer’s
identity.  Id.; Hernandez, 956
S.W.2d at 702.  “The burden is set low so
that even if the defendant does not know the nature of the informer’s
testimony, the defendant may have an opportunity to demonstrate to the court
how the informant’s testimony may be relevant.” 
Hernandez, 956 S.W.2d at 702.

            Although the burden is low, it is real; evidence beyond
“mere conjecture or speculation” must demonstrate that the informer’s identity
is necessary.  Bodin, 807 S.W.2d at 318; Hernandez,
956 S.W.2d at 702.  “The informer’s
potential testimony must significantly aid the defendant.”  Bodin, 807 S.W.2d at 318.  Only after such a showing is the trial court
required to hold an in camera hearing.  Id. at 319.  We review the trial court’s determination in
this matter for an abuse of discretion.  Ford v. State, 179 S.W.3d at 210 (citing
Taylor v. State, 604 S.W.2d 175, 179
(Tex. Crim. App. [Panel Op.] 1980)).

            The only
evidence presented during the hearing on the motion to disclose was the
probable-cause affidavit stating:

That, Affiant was contacted by a
confidential informant that stated that he/she had been to [Camp’s home] within
forty eight (48) hours of the issuance of this warrant and said confidential
informant further advised that he/she did at that time observe the suspect . .
. in possession of a quantity of cocaine.

 

That
Affiant was advised by the confidential informant that the suspected parties
. . . kept cocaine on their persons and that the cocaine was packaged
in plastic bags.

 

That
Affiant believes the confidential informant’s information to be true and
reliable, because said confidential informant has provided Affiant with
information in the past.

 

That
Affiant knows that the confidential informant is familiar with the appearance
of cocaine.

 

That Affiant has knowledge of Christine
Camp residing at this residence for the past 4–6 years.

 

             “Rule 508(c)(3) requires an in camera hearing
where information from an informant is used to establish probable cause, and
the judge is not satisfied that the informant was reasonably believed to be
reliable or credible.”  Murray, 864 S.W.2d at 118.  Pointing to the probable cause affidavit,
Camp’s counsel argued that “we don’t know whether this person or persons are
credible or reliable. . . . The . . . information given by the confidential
informant is vague and generic. . . .  We
don’t know whether or not [the confidential informant] had a criminal
history.”  But the issue is not whether
the parties or the trial court might now believe or disbelieve the informant,
but whether the trial court was satisfied that the informant was reasonably
believed to be reliable or credible at the time the search warrant was applied
for.  See
Ashorn v. State, 802
S.W.2d 888, 892 (Tex. App.—Fort Worth 1991, no pet.); Thompson v. State, 741 S.W.2d 229, 231 (Tex. App.—Fort Worth 1987),
pet. ref’d, 763 S.W.2d 403 (Tex.
Crim. App. 1989).  

            Counsel
also added, without specification, that there were “many discrepancies in what
the affiant said versus what was actually found.”  But the issue is also not whether the
informant might, after the fact, prove himself or herself unreliable or might
have been mistaken as to certain facts discovered on execution of the search
warrant; the issue is whether the trial court was satisfied that the informant
was reasonably believed reliable when the warrant was applied for.  See
Ashorn, 802 S.W.2d at 892; Thompson, 741 S.W.2d at 231.  The affiant averred belief that the
information from the confidential informant was reliable based on past
dealings.  The basis for this belief was
cited in the affidavit:  the informant
was familiar with the appearance of cocaine, had observed cocaine in Camp’s
home, and knew that Camp had lived in the residence “for the past 4-6
years.”  Thus, Camp’s argument
questioning the informant’s reliability was based merely on speculation, not on
any evidence.

            Because Camp
did not challenge the issuance of the warrant itself or argue that the
probable-cause affidavit did not make out probable cause to support the
warrant’s issuance, she did not develop any evidence to subvert the trial
court’s implicit finding that the informant was reasonably believed.  Thus, the Rule 508(c)(3) exception—where the
informant’s information is relied on to justify getting the evidence, that is,
issuing the search warrant—has not been triggered.  With nothing in the record indicating that
the officer, when making out the affidavit seeking the search warrant, did not
believe the informant to be reliable or credible, even a direct challenge to
the warrant would not require a disclosure of the informant’s identity.  See
Blake v. State, 125 S.W.3d 717 (Tex. App.—Houston [1st Dist.] 2003, no pet.).  Nothing in this record undermines the trial
court’s apparent finding of the informant’s reliability.

            Consequently,
Camp did not meet the threshold burden to show that the Rule 508(c)(3)
exception to the State’s privilege applied. 
The trial court did not abuse its discretion in overruling Camp’s motion
seeking to require disclosure of the confidential informant’s identity.  See Washington v. State, 902 S.W.2d 649, 656 (Tex.
App.—Houston [14th Dist.] 1995, pet. ref’d); Ashorn, 802 S.W.2d at 892; Bosquez v.
State, 792 S.W.2d 550, 552
(Tex. App.—El Paso 1990, pet. ref’d).

            We affirm the
trial court’s judgment.

 

                                                                        

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          December
5, 2011

Date Decided:             December
22, 2011

 

Do Not Publish

 

 

 











[1]The
grounds for disqualification and recusal of judges are listed in Texas Rule of
Civil Procedure Rule 18b.





[2]“If
it appears from the evidence or from other showing that the informer may be
able to give . . . relevant testimony [as to guilt or innocence], an in
camera hearing is required where the State has the opportunity to show that
the testimony is not necessary to a fair determination of the issues of guilt
and innocence.”  Murray v. State, 864 S.W.2d 111, 118 (Tex. App.—Texarkana 1993,
pet. ref’d).  In making this
determination, we may consider whether the informant participated in the
offense, was present at the time of the offense or arrest, or was otherwise
shown to be a material witness to the transaction or as to whether the
defendant knowingly committed the offense charged.  Id.  “However, when the informant’s information is
used only to establish probable cause for a search warrant and the informant
was neither a participant in the offense for which the defendant is charged,
nor present when the search warrant was executed, the identity of the informant
need not be disclosed because his testimony is not essential to a fair
determination of guilt.”  Ford v. State, 179 S.W.3d 203, 210 (Tex.
App.—Houston [14th Dist.] 2005, pet. ref’d).

                Camp
claims “that the informant is a necessity or would be necessary as a witness”
to determine Camp’s guilt or innocence.  The conclusion that the confidential informant
would be necessary in determining Camp’s guilt or innocence was not based on
any evidence presented to the trial court, and there was no attempt to
demonstrate how any testimony by the informant would be relevant to Camp’s
guilt or innocence.  There was no
indication from the record, including the probable cause affidavit, that the
informant participated in the offense, was present at the time of the offense
or arrest, was otherwise shown to be a material witness to the transaction, or
was a witness as to whether  Camp
knowingly committed the offense charged. 
“The standard requiring disclosure requires more than speculation that
the informant may have relevant evidence.”  Hernandez v. State, 956 S.W.2d 699, 702
(Tex. App.—Texarkana 1997, no pet.); see
Bodin, 807 S.W.2d at 318.

                Moreover,
the basis of the charge against Camp was the cocaine seized by officers during
a search of Camp’s home, not the information related by the confidential
informant.  Thus, the confidential
informant was not a necessary witness in determining Camp’s guilt or
innocence.  See Long v. State, 137 S.W.3d 726, 732–33 (Tex. App.—Waco 2004,
pet. ref’d) (confidential informant not material witness where informant told
officers she had seen defendant manufacturing methamphetamine, because basis of
charge was seizure of evidence from defendant’s home—seizure not witnessed by
informant).  The defendant’s initial
burden is not met where a confidential informant provides only the initial
probable cause for a search warrant, not the evidence of guilt used in the
prosecution.  Id. at 733.  We find that
Camp did not meet her threshold burden to show that the Rule 508(c)(2)
exception to the State’s privilege applied.