# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-12-00018-CV

---

**In re Raymond Fierro**

---

### ORIGINAL PROCEEDING FROM COMAL COUNTY

---

### M E M O R A N D U M   O P I N I O N

Relator Raymond Fierro filed a *pro se* petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2010); *see also* Tex. R. App. P. 52.1. He complains that the trial court judge has failed to act on a recusal motion filed in connection with a post-conviction writ of habeas corpus.[1] Fierro seeks a writ of mandamus from this Court directing the judge to either recuse himself from Fierro's post-conviction habeas proceedings or request the presiding judge of the administrative region to assign a judge to hear the recusal motion. *See generally* Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2010); Tex. R. Civ. P. 18a.

Article 11.07 vests complete jurisdiction over post-conviction relief from final felony convictions in the Texas Court of Criminal Appeals. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2010); *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*,

---

[1] Fierro previously filed an application for writ of habeas corpus which was denied by the Court of Criminal Appeals. It is unclear from the record whether Fierro has filed the second application for writ of habeas corpus from which he wishes to recuse the trial judge. His petition suggests that he filed the motion to recuse the judge in anticipation of filing the successive habeas application.

910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *In re Watson*, 253 S.W.3d 319, 320 (Tex. App.—Amarillo 2008, orig. proceeding). The courts of appeals have no role in criminal law matters pertaining to proceedings under article 11.07 and have no authority to issue writs of mandamus in connection with such proceedings. *See In re Briscoe*, 20 S.W.3d 196 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding); *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding); *see also* Tex. Code Crim. Proc. Ann. art. 11.07, § 5 (West Supp. 2010). Thus, complaints regarding the trial court's failure to address a recusal motion filed in connection with an 11.07 post-conviction habeas proceeding should be addressed to the Court of Criminal Appeals. *See In re Golden*, No. 12-11-00181-CR, 2011 WL 3329867, at *1 (Tex. App.—Tyler July 13, 2011) (mem op., not designated for publication) (relator's complaint about trial court's failure to act on recusal motion filed in post-conviction writ of habeas corpus proceeding dismissed for want of jurisdiction); *see also Ex parte Sinegar*, 324 S.W.3d 578, 580 (Tex. Crim. App. 2010) (addressing complaint regarding trial court's failure to act on motion to recuse filed in a post-conviction habeas proceeding).

Accordingly, Fierro's petition for writ of mandamus is dismissed for want of jurisdiction.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Dismissed for Want of Jurisdiction

Filed: February 9, 2012

2