NOS. 07-12-00338-CR
07-12-00339-CR
07-12-00340-CR
07-12-00341-CR
07-12-00342-CR
07-12-00343-CR
07-12-00344-CR
07-12-00345-CR
07-12-00346-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 31, 2012

---

CARLOS TIJERINA, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

---

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NOS. 2005-408,493, 2005-408,597, 2005-408,972, 2005-409,565, 2005-409,513,

2005-409,564, 2005-409,072, 2005-409,074, 2005-408,971;

HONORABLE JIM BOB DARNELL, JUDGE

---

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

In proceedings in 2005 in the 140th District Court of Lubbock County, appellant Carlos Tijerina was convicted of nine felonies. In appellate causes numbered 07-06-0018-CR through 07-06-0026-CR, this Court affirmed those convictions on direct

appeal. *Tijerina v. State,* 2006 Tex.App. LEXIS 10335 (Tex.App.—Amarillo Nov. 30, 2006, pets. ref'd) (mem. op., not designated for publication).

In July 2012, appellant filed in the trial court, in each of the nine causes, a document in which he presents the contention he is illegally imprisoned, seeks "full and fair habeas review," and cites article 11.07 of the Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 11.07 (West 2007).

The document appellant filed in the trial court in each of the nine causes also contains a motion to recuse the Honorable Jim Bob Darnell, presiding judge of the 140th District Court, and Lubbock County Criminal District Attorney Matt Powell. He also filed in each of the nine causes a document entitled "prematurely filed notice of appeal," in anticipation of an unfavorable ruling on his motions to recuse. Copies of the notices of appeal were forwarded to this Court by the trial court clerk. Appellant also has corresponded with us regarding his application for relief and his motions for recusal.

By letter of August 8, 2012, we advised appellant and the State that we would consider our jurisdiction over the appeals after August 17, and advised them that materials bearing on our jurisdiction should be submitted by that date. We have received no further materials.

In his notices of appeal, appellant states he "prematurely files his notice of appeal under [Rule of Appellate Procedure] 27.2, on any adverse rulings on the motion requesting recusal."

2

The recusal procedure set out in Rule of Civil Procedure 18a applies to habeas corpus proceedings in the trial courts.[1] *Ex parte Sinegar*, 324 S.W.3d 578, 579 (Tex.Crim.App. 2010); Tex. R. Civ. P. 18a. An order denying a motion to recuse "may be reviewed only for abuse of discretion on appeal from the final judgment." Tex. R. Civ. P. 18a(j)(1)(A). A post-conviction writ of habeas corpus following a felony conviction is returnable to the Court of Criminal Appeals. Tex. Code Crim. Proc. Ann. art. 11.07, Sec. 3(a) (West 2007). The jurisdiction of the Court of Criminal Appeals over such writs is exclusive, and there is no role for a court of appeals with respect to them. *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex.Crim.App. 1991); *Ex parte Banister*, No. 07-09-0128-CR, 2009 Tex. App. LEXIS 5178, at *4-5 (Tex.App.—Amarillo July 7, 2009, no pet.) (mem. op., not designated for publication).

Regardless of the eventual ruling on the motions to recuse appellant has filed in the nine causes in the trial court, this Court will have no jurisdiction to review the ruling, thus appellant's notices of appeal, whether premature or timely, cannot invoke this Court's appellate jurisdiction. Because we would have no jurisdiction to grant appellant any relief from an adverse ruling on his motions requesting recusal, we dismiss his appeals for want of jurisdiction.

James T. Campbell
Justice

Do not publish.

---

[1] As amended in July 2011, Rule 18a requires the respondent judge, within three business days after a motion to recuse is filed, and regardless whether the motion complies with the rule, to sign and file an order of recusal or an order referring the motion to the regional presiding judge. Tex. R. Civ. P. 18a(f)(1).