IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







NO. WR-76,811-03






BRADLEY JARED BARTON, Relator


v.


HON. SHAWNA REAGIN, JUDGE OF THE 176th DISTRICT COURT, Respondent







ON APPLICATION FOR A WRIT OF MANDAMUS


CAUSE NO. 1206429-B
 

FROM HARRIS COUNTY






 Per curiam.


O R D E R



 Relator has filed a motion for leave to file an application for a writ of mandamus pursuant
to the original jurisdiction of this Court. In it, he contends that he filed an application for a writ of
habeas corpus in the 176th District Court of Harris County, and that the habeas application is
currently pending in that court. Relator contends that the district court entered an order designating
issues on June 4, 2012. On June 26, 2012, Relator alleges that he filed a motion to recuse or
disqualify the trial judge from presiding over the habeas corpus proceedings. Relator alleges that
the trial court has not taken action on that motion.

 In Ex parte Sinegar, 324 S.W.3d 578, 579 (Tex. Crim. App. 2010), this Court held that 

the requirements of Rule 18a of the Texas Rules of Civil Procedure, regarding the recusal of judges,
applies in habeas proceedings conducted at the trial level. Therefore, if Relator filed a motion to
recuse or disqualify the trial judge, the respondent judge had a ministerial duty, within three business
days after the motion was filed, to either sign and file with the clerk an order of recusal or
disqualification, or sign and file with the clerk an order referring the motion to the presiding judge
of the administrative judicial region in which the court is located.

 Respondent, the Judge of the 176th District Court of Harris County, shall file a response with
this Court by stating whether Relator's motion to recuse or disqualify was filed in that court, and if
so, when. If Relator's motion was filed in the district court, Respondent shall state whether she has
complied with the requirements of Rule 18a of the Texas Rules of Civil Procedure, and if not, why
not. If Respondent has acted on the motion as required by Rule 18a, Respondent's answer should
include copies of any written order ruling on Relator's motion. Respondent's answer shall be
submitted within 30 days of the date of this order. This application for leave to file a writ of
mandamus will be held in abeyance until Respondent has submitted response.


Filed: November 21, 2012

Do not publish