IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-79,186-01






EX PARTE JAMES WESLEY SHERRILL, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 30046 IN THE 3RD DISTRICT COURT


FROM ANDERSON COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault and aggravated kidnapping and sentenced to ninety-nine years' imprisonment for each
conviction. The Twelfth Court of Appeals affirmed his convictions. Sherrill v. State, No. 12-11-00156-CR (Tex. App.--Tyler May 31, 2012) (unpublished).

 Applicant contends that his trial counsel rendered ineffective assistance because, among other
things, he did not move to recuse the trial judge after the judge became a complaining witness
against him. Applicant alleges that the bailiff testified outside the presence of the jury that Applicant
and his co-defendants made statements about killing the trial judge and prosecutors. Applicant
alleges that, after this testimony, the judge instructed the state to investigate the matter "and to
charge the [Applicant] in the matter." 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. Applicant is free
to avail himself of the procedures outlined in Ex parte Sinegar, 324 S.W.3d 578 (Tex. Crim. App.
2010). 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. Additionally, the trial court shall make specific findings of fact
as to whether he directed the State to charge Applicant in the matter. The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: May 8, 2013

Do not publish