

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00059-CR

JASON BAILEY                                                    APPELLANT

V.

THE STATE OF TEXAS                                                  STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY
TRIAL COURT NO. 0669679R

----------

## MEMORANDUM OPINION[1]

----------

Appellant attempts to appeal from the trial court's order denying further DNA testing of biological materials related to his convictions. We dismiss the appeal.

In 1997, a grand jury indicted appellant for sexually assaulting a woman and for committing burglary in her habitation. Appellant pled guilty to these

---

[1]*See* Tex. R. App. P. 47.4.

charges. The trial court convicted him and sentenced him to twelve years' confinement for the sexual assault and sixteen years' confinement for the burglary.

Appellant eventually sought and obtained DNA testing of evidence related to his convictions. On November 5, 2014, the trial court issued an order stating that results of the testing were not favorable to appellant. *See* Tex. Code Crim. Proc. Ann. art. 64.04 (West Supp. 2014). On December 5, 2014, appellant filed a motion "in Arrest of Judgment and for Subsequent DNA Testing." Appellant alleged that the State had used the "oldest and least discriminate test method available to feign compliance" with the trial court's order for DNA testing. He prayed for the trial court to order more testing.

On December 17, 2014, the trial court denied appellant's motion. On February 25, 2015, appellant filed a notice of appeal of the trial court's denial of the motion. The same day, the trial court certified that appellant's appeal was not timely filed.

We sent appellant a letter stating that we had received the notice of appeal and expressing our concern that we lack jurisdiction because it was not timely filed. We informed appellant that his appeal could be dismissed unless he filed a response showing grounds for continuing the appeal.

Appellant responded to our letter. He alleged that he had not received the December 17 order until January 12, 2015 and that circumstances of his

confinement precluded his ability to file the notice of appeal until February 11, 2015, when he placed it in the mail.

Our appellate jurisdiction is triggered through a timely notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). If a notice of appeal is not timely filed under rule of appellate procedure 26.2, we do not have jurisdiction to address the merits of the appeal and may take no action other than dismissal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *see* Tex. R. App. P. 26.2.

Appellant's appeal from the December 17, 2014 order denying his motion for further testing is untimely under the rules of appellate procedure,[2] and he did not file in this court a motion for extension of time to file the notice of appeal. *See* Tex. R. App. P. 26.2(a), 26.3(b); *see also Davis v. State*, No. 02-14-00390-CR, 2014 WL 5409570, at *1 (Tex. App.—Fort Worth Oct. 23, 2014, pet. ref'd) (mem. op., not designated for publication) (citing rule 26.2 and explaining that an "appeal from the denial of a motion for DNA testing is treated in the same manner as an appeal from any other criminal matter"). Appellant admits that he received notice of the December 17 order within thirty days after the trial court signed it. And although appellant claims that circumstances of his confinement

---

[2]This is true even if we consider the notice of appeal filed as of February 11, 2015, which is the date that appellant states that he placed the notice of appeal in the prison mail system. *See Ex parte Sinegar*, 324 S.W.3d 578, 581 (Tex. Crim. App. 2010) ("[A] document is considered filed by a *pro se* inmate on the day it is deposited with the prison or jail authorities.").

prevented him from timely filing the notice of appeal, we have no authority to exercise "equitable tolling" of the notice of appeal deadlines set forth in the rules of appellate procedure as he asks us to. *See Slaton*, 981 S.W.2d at 209–10 (holding that rule of appellate procedure 2 may not be used to expand the time for perfecting appeal in a criminal case); *Davis*, 2014 WL 5409570, at *1 ("Appellant's assertion of lack of timely notice [of the trial court's order denying a motion for DNA testing] does not affect the appellate timetable."); *Nevels v. State*, No. 10-08-00246-CR, 2008 WL 3509287, at *1 (Tex. App.—Waco Aug. 13, 2008, no pet.) (mem. op., not designated for publication) (holding similarly); *see also Taylor v. State*, No. 12-11-00275-CR, 2011 WL 4386398, at *1 (Tex. App.—Tyler Sept. 21, 2011, no pet.) (mem. op., not designated for publication) ("We are unaware of any doctrine of equitable tolling that is available to cure the jurisdictional defect in this case."); *Trevino v. State*, No. 04-00-00835-CR, 2001 WL 121085, at *1 (Tex. App.—San Antonio Feb. 14, 2001, no pet.) (not designated for publication) (stating that in the absence of a timely notice of appeal, an appellate court is "without jurisdiction to grant any equitable relief").

Because appellant's notice of appeal is not timely, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); *Slaton*, 981 S.W.2d at 210.

PER CURIAM

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  May 21, 2015