

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-44,695-11

### EX PARTE CARLOS CARDENAS HERNANDEZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2010R-0113-B IN THE 155TH DISTRICT COURT
### FROM AUSTIN COUNTY

*Per curiam.*

### O R D E R

Applicant was convicted of aggravated assault and sentenced to ninety years' imprisonment. The First Court of Appeals affirmed his conviction. *Hernandez v. State*, No. 01-12-00165-CR (Tex. App.—Houston [1st Dist.] Oct. 8, 2013) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that he was denied effective assistance of trial counsel. On the day he filed this application, Applicant also filed a motion to recuse the habeas judge. The habeas

judge adopted the State's proposed findings of fact and conclusions of law and recommended that we dismiss this application. Nothing in the record indicates, however, that the habeas judge responded to Applicant's motion to recuse before adopting the State's proposed findings and conclusions. Rule 18a of the Texas Rules of Civil Procedure applies to Article 11.07 proceedings. *Ex parte Sinegar*, 324 S.W.3d 578, 581 (Tex. Crim. App. 2010). Accordingly, we remand this application so the habeas judge may, if he has not done so already, respond to Applicant's motion to recuse and comply with Rule 18a.

If the habeas judge recuses himself, the district clerk shall forward to this Court his order of recusal. If the habeas judge refers Applicant's motion to the regional presiding judge, the district clerk shall forward to this Court the order of referral and the regional presiding judge's ruling. This application will be held.

Filed: September 16, 2020
Do not publish