

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,373-01

### EX PARTE CHARLES WILLIAM TIDBALL, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 17-02-12297-1-CR IN THE 454TH DISTRICT COURT FROM MEDINA COUNTY

*Per curiam*.

### O R D E R

Applicant was originally charged with sexual assault of a child. He pleaded *nolo contendere* to the lesser offense of indecency with a child and was sentenced to twelve years' imprisonment. He did not appeal his conviction. . Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his plea was involuntary because trial counsel failed to investigate or interview witnesses, and told Applicant that he would be "automatically" sentenced to twenty years' imprisonment if he went to trial on the charges. Applicant also alleges that trial counsel caused him to unknowingly and involuntarily waive his right to an impartial judge, because trial

counsel did not move to disqualify the trial judge on the basis that he had participated in the indictment and preparation of this case as the District Attorney before being appointed to the bench. Applicant has filed a motion to disqualify the trial judge from presiding over this habeas matter on the same basis, but there is no indication in the record that the trial court has considered or ruled on that motion.

As a preliminary matter, the trial court shall consider Applicant's motion to disqualify the trial judge and treat it as a motion filed pursuant to Rule 18a of the Texas Rules of Civil Procedure. *See Ex parte Sinegar*, 324 S.W.3d 578, 579 (Tex. Crim. App. 2010) (the requirements of Rule 18a apply in habeas proceedings conducted at the trial level).

Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* Tex. R. App. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: March 17, 2021

Do not publish