

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00110-CR
No. 07-24-00111-CR
No. 07-24-00112-CR
No. 07-24-00113-CR
No. 07-24-00114-CR

**LARRY GLEN ROLEN II, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 108th District Court
Potter County, Texas
Trial Court Nos. 081970-E-CR, 081971-E-CR, 081972-E-CR, 081973-E-CR & 082335-E-CR,
Honorable Douglas Woodburn, Presiding

May 9, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Following a plea of not guilty, Appellant, Larry Glen Rolen II, was convicted by a jury of five counts of intoxication manslaughter.[1]  By his three issues, he challenges: (1) the denial of his motions to strike certain veniremembers for cause; (2) the denial of his

---

[1] TEX. PENAL CODE ANN. § 49.08.

motion for recusal of the presiding trial judge; and (3) the assessment of costs multiple times for a single criminal proceeding.  We affirm as modified below.

On Christmas Eve in 2021, after drinking heavily at an Amarillo area bar, Appellant drove home on the wrong side of a highway. He crashed into a family of five who were on their way to dinner with relatives; not a single family member survived.  Appellant was initially sued civilly by the estates of the decedents, and the suit was settled and dismissed.  Nearly two years later, Appellant was prosecuted for five separate counts of intoxication manslaughter, and the trial ended in a hung jury.  Undeterred, the State chose to retry Appellant in 2024.

During the voir dire examination in the retrial, Appellant's attorney asked how many of the veniremembers had seen news stories about the crash and would be influenced by what they had seen.  A large portion of the venire held up their hands, and Appellant's attorney moved to strike all of them for cause.  The presiding judge attempted to rehabilitate the panel members with further questioning.  After the trial court was satisfied the veniremembers were sufficiently rehabilitated, it denied Appellant's motions to strike.  At that point, Appellant reiterated his motions to strike and exhausted his peremptory strikes in attempting to eliminate as many of the objectionable veniremembers as possible; he did not request additional peremptory strikes.  Two of the objectionable veniremembers were seated as jurors.  After selection of the jury, Appellant's counsel did not notify the trial court which members of the empaneled jury were objectionable.

Before trial began, Appellant also filed a motion requesting the presiding judge recuse himself because he had presided over the civil suit, and the settlement of the prior civil suit had resulted in negative online comments which questioned the impartiality of

2

the presiding judge. The motion was heard by the administrative judge and, after hearing, was denied.

The second trial resulted in a unanimous verdict of guilty on all counts. The jury assessed punishment at forty-five years imprisonment.

## ANALYSIS

### ISSUE ONE—DENIAL OF MOTIONS TO STRIKE FOR CAUSE

Appellant's first issue complains of the trial court's denial of his motions to strike veniremembers for cause during voir dire. Particularly, he argues the trial court was bound by statute to strike the veniremembers who admitted they were influenced by news media about the case and erred by engaging in further interrogation and rehabilitation of the veniremembers.

Before we reach the merits, Appellant admits his counsel did not strictly follow the procedures laid out to preserve error on the issue. To preserve error on a challenge to a potential juror, the defendant must: (1) use a peremptory strike against the prospective juror upon whom the challenge for cause had been made, (2) exhaust his peremptory strikes, and (3) request an additional peremptory strike to use upon a specifically identified objectionable prospective juror, who, because the extra strike was denied, actually sits on the jury. *Nava v. State*, 415 S.W.3d 289, 305 (Tex. Crim. App. 2013).

Appellant's counsel did not, after exhausting his peremptory strikes, request additional strikes nor did he identify the remaining objectionable jurors to the trial court. Appellant nonetheless argues he substantively fulfilled the requirements because two of the jurors he objected to for cause were seated in the jury, and thus the trial court was already aware of who the objectionable jurors were. Even if we were to accept this rationale to fulfill the requirement to notify the trial court of objectionable jurors, Appellant

3

was still required to request additional strikes. *Id*. *See also Nelson v. State*, 848 S.W.2d 126, 134 (Tex. Crim. App. 1992)*.*  Appellant argues requesting more strikes from the trial court would have been futile.  However, there is no "futility" exception to the preservation requirements, and his failure to expressly request additional strikes was not excused. *Supra*.

Because Appellant failed to request additional peremptory strikes, he failed to preserve this issue for review.  Appellant's first issue is overruled.

ISSUE TWO—MOTION TO RECUSE

For his second issue, Appellant complains his motion to recuse the trial judge should have been granted because social media comments and posts from the public demonstrated a lack of confidence in his impartiality.  Appellant complains the trial judge should have been recused under Rule 18b(b)(1), because commentary on news stories indicated the public's perception of the trial judge's impartiality was compromised. Appellant acknowledges his written motion at trial stated the grounds for recusal as Rule 18b(b)(3)—the trial judge had personal knowledge of disputed evidentiary facts—and constitutional grounds, not Rule 18b(b)(1).  Nonetheless, he urges because his counsel orally argued Rule 18b(b)(1) during the hearing on the motion, the issue was preserved for review.  We disagree.

While Rule 18b of the Texas Rules of Civil Procedure provides the substantive basis for the recusal of judges in criminal proceedings, Rule 18a provides the procedural method to seek recusal.  *See Gaal v. State*, 332 S.W.3d 448, 452 (Tex. Crim. App. 2011) (trial judge may be removed from presiding over a case if subject to recusal under Texas Supreme Court rules*); Arnold v. State*, 853 S.W.2d 543, 544 (Tex. Crim. App. 1993) (Rule 18a applies to criminal cases absent any explicit or implicit legislative intent indicating

4

otherwise). The Rule 18a(a) procedures must be strictly complied with in order to preserve error. *Arnold*, 853 S.W.2d at 544–45 (failure to comply with ten-day notice provision of Rule 18a waived issue); *accord Ex parte Sinegar*, 324 S.W.3d 578, 581 (Tex. Crim. App. 2010) (compliance with Rule 18a notice provisions required to preserve error in habeas proceeding). Under Rule 18a, a motion to recuse is required to be in writing and state the specific grounds upon which the motion is based, including which provision of Rule 18b applies. TEX. R. CIV. P. 18a(a). Because Appellant did not raise his Rule 18b(b)(1) arguments in his written motion, the issue was waived for appeal.

We overrule Appellant's second issue.

### ISSUE THREE—ASSESSMENT OF COSTS

Appellant's third issue complains he was assessed costs multiple times when those costs should have been assessed only once because there was only one criminal proceeding.[2] The State concedes error and agrees Appellant should not have been assessed costs five separate times for the same trial. Accordingly, the bill of costs shall be reformed to reflect only one instance of the assessment of costs. We sustain Appellant's third issue.

### CONCLUSION

The judgments of conviction are affirmed in part and modified in part. We modify the *Judgment of Conviction by Jury* and corresponding *Bill of Cost* [sic] entered in Trial Cause Numbers 081971-E-CR, 081972-E-CR, 081973-E-CR, and 082335-E-CR in this matter as follows:

---

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 102.073(a) ("In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant."); *Pruitt v. State*, 646 S.W.3d 879, 884 (Tex. App.—Amarillo 2022, no pet.).

All costs identified in each *Bill of Cost* attached to each respective *Judgment of Conviction by Jury* entered in Trial Cause Numbers 081971-E-CR, 081972-E-CR, 081973-E-CR, and 082335-E-CR in this matter are hereby deleted. This deletion includes, but is not limited to, the following assessed costs:

- "County Consolidated Court Costs 1/2020" in the amount of $105.00;

- "Sheriff's Reimbursement Fees" in the amount of $70.00;

- "State Consolidated court costs 1/2020" in the amount of $185.00;

- "Initial Amount Due:" in the amount of $360.00; and

- "Remaining Amount Due:" in the amount of $360.00.

As amended, the *Bill of Cost* in the above identified cause numbers should reflect Appellant has not been assessed any sums and does not owe any sums of money. This modification does not include the *Bill of Cost* attached to the *Judgment of Conviction by Jury* entered in Trial Cause Number 081970-E-CR.

We also order the District Clerk to prepare amended bills of costs reflecting the above deletions, and to provide the amended bills of costs to this Court, as well as to Appellant and the Texas Department of Criminal Justice. *See Ramos v. State*, No. 07-13-00447-CR, 2015 Tex. App. LEXIS 4715, at *6–7 (Tex. App.—Amarillo May 7, 2015, no pet.) (mem. op., not designated for publication). Furthermore, this order of reformation extends to any order to withdraw funds from Appellant's inmate account.

The trial court's judgments are affirmed as modified.

Alex Yarbrough
Justice

Do not publish.

6