



## OPINION

No. 04-10-00800-CR

**IN RE** Refugio **MAREZ**

Original Mandamus Proceeding[1]

Opinion by:     Karen Angelini, Justice

Sitting:         Karen Angelini, Justice
                Phylis J. Speedlin, Justice
                Rebecca Simmons, Justice

Delivered and Filed:  February 2, 2011

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED IN PART

On November 3, 2010, relator Refugio Marez filed a petition for writ of mandamus. This court requested a response from the real party in interest and/or the respondent. We have reviewed the petition and real party in interest's response, and have concluded the writ should be conditionally granted in part.

Relator complains he filed a "Motion for Entry of Nunc Pro Tunc Judgment" in the trial court three years ago and has written to the trial judge on two occasions. However, the trial court has still failed to rule on his motion. Relator contends the trial court has a ministerial duty to rule on a properly filed motion that has been brought to the trial court's attention. However, relator

---

[1] This proceeding arises out of Cause No. 96-0055-CR, in the 274th Judicial District Court, Guadalupe County, Texas, the Honorable Gary L. Steel presiding.

asks this court to issue a writ by ordering the trial court to grant the motion and reduce relator's sentence to twenty years. In its response filed with this court, real party in interest contends that because a nunc pro tunc judgment in this case is inappropriate, the petition for writ of mandamus should be denied.

To the extent relator's petition seeks to order the trial court to grant the nunc pro tunc, we conclude such relief is not appropriate. "Although the court may be compelled to consider a motion, mandamus . . . is not available to require that the judge rule a certain way on that motion." *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987). Therefore, relator's request that we order the trial court to grant the motion is denied.

However, when a properly filed motion is pending before a trial court, the act of giving consideration to and ruling upon that motion is ministerial, and mandamus may issue to compel the trial judge to act. *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding); *see also Gray*, 726 S.W.2d at 128. A trial court is required to consider and rule upon a properly filed motion within a reasonable time. *Garcia*, 945 S.W.2d at 269; *In re Bonds*, 57 S.W.3d 456, 457 (Tex. App.—San Antonio 2001, orig. proceeding).

The record before this court indicates the motion complained of was filed in the trial court on October 15, 2007. In its response, real party in interest acknowledges the trial court has not ruled on the motion.[2] We conclude the motion has been pending for an unreasonable amount of time and the trial court has failed to comply with its ministerial duty to rule on the properly filed motion. Therefore, mandamus relief is granted to compel the trial court to rule on the motion.

---

[2] Real party in interest fails to directly respond to relator's assertion that the trial court has a ministerial duty to rule on a properly filed motion brought to the trial court's attention. Instead, real party in interest contends relator's petition contains several procedural defects, and, therefore, should be denied. We have reviewed these alleged defects and conclude they do not alter the disposition of the case.

## CONCLUSION

As a result of the foregoing, the petition for writ of mandamus is conditionally GRANTED IN PART. The writ will issue only if the trial court fails to rule on the "Motion for Entry of Nunc Pro Tunc Judgment" within fourteen days.

Karen Angelini, Justice

PUBLISH