**Opinion issued April 21, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-01012-CR

————————————

## IN RE MIKE MENDOZA, JR., Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

## OPINION

Relator, Mike Mendoza, Jr., proceeding *pro se* and incarcerated, filed a petition for a writ of mandamus on December 22, 2014, which was assigned cause number 01-14-01012-CR, seeking to compel the respondent, the Honorable Denise Bradley, to rule on his pending post-conviction motion for forensic DNA testing.[1]

---

[1]  The underlying trial court cause is *Ex parte Mike Mendoza, Jr.*, Cause No. 952290-B, in the 262nd Judicial District Court of Harris County, Texas, the Honorable Denise Bradley presiding. In 2004, we affirmed Mendoza's murder conviction. *See Mendoza, Jr. v. The State of Texas*, No. 01-03-

On January 27, 2015, this Court's memorandum opinion denied Mendoza's mandamus petition on the ground that the trial court had neither a duty nor jurisdiction to rule on his free-floating motion since neither his habeas application nor criminal case were apparently pending. *See In re Mike Mendoza, Jr.*, Nos. 01-14-01012-CR, 01-14-01013-CR, 2015 WL 448146, at *1 (Tex. App.—Houston [1st Dist.] Jan. 27, 2015, orig. proceeding) (mem. op., not designated for publication).

Mendoza has timely filed[2] a motion for en banc reconsideration only of the portion of our memorandum opinion which denied his mandamus petition assigned to cause number 01-14-01012-CR.[3] Mendoza's motion claims that his mandamus petition properly served the district attorney's office and that his underlying felony habeas application, filed in 2010 under Texas Code of Criminal Procedure Article 11.07 in trial court cause number 952290-B, has remained pending since 2011.

---

00783-CR, 2004 WL 2538280, at *6 (Tex. App.—Houston [1st Dist.] Nov. 10, 2004, no pet.) (mem. op., not designated for publication).

[2] Although Mendoza's motion was filed on February 12, 2015, it was timely filed because it was received within the 10-day period allowed for mailing after his February 11, 2015 deadline. *See* TEX. R. APP. P. 9.2(b)(1)(A), 49.7.

[3] Our memorandum opinion addressed both cause number 01-14-01012-CR and cause number 01-14-01013-CR because both cause numbers involve petitions for writ of mandamus filed by Mendoza arising from trial court cause number 952290-B and naming Judge Bradley as the respondent.

We withdraw our January 27, 2015 memorandum opinion and issue the following opinion for cause number 01-14-01012-CR, and we dismiss Mendoza's motion for en banc reconsideration as moot. *See Brookshire Bros., Inc. v. Smith*, 176 S.W.3d 30, 33 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (op. on reh'g) (motion for en banc reconsideration becomes moot when panel issues new opinion and judgment).[4] However, our disposition remains the same as we deny Mendoza's mandamus petition.

In Mendoza's petition, he seeks to compel the respondent trial court to rule on his pending post-conviction motion for forensic DNA testing under Chapter 64 of the Texas Code of Criminal Procedure, which he claims was filed in May 2013. Assuming, without deciding, that we have jurisdiction over this petition, although Mendoza contends that his motion was filed in a pending felony habeas application, we deny the petition. *Cf. Padieu v. Ct. of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117—18 (Tex. Crim. App. 2013).

To be entitled to mandamus relief with respect to a criminal law matter, the relator must show that he has no adequate remedy at law to redress his alleged harm and that the act he seeks to compel is ministerial. *See In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding); *see also In re Garrett*, Nos. 14-14-00669-CR, 14-14-00670-CR, 2014 WL 4207148, at *1

---

[4] We are *sua sponte* issuing a separate memorandum opinion for cause number 01-14-01013-CR.

(Tex. App.—Houston [14th Dist.] Aug. 26, 2014, orig. proceeding) (mem. op., not designated for publication) (denying mandamus petition seeking to compel respondent trial court to rule on relator's pending post-conviction DNA testing motion). Generally, there are three prerequisites for the issuance of a writ of mandamus by an appellate court with respect to a ministerial duty: (1) the lower court must have a legal duty to perform a nondiscretionary act; (2) the relator must have made a demand for performance; and (3) the subject court must have refused that request. *See Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (denying mandamus petition where relator did not ask for a hearing on his motions or take any action to alert trial court that it had not yet considered his motions); *see also In re McKelvey, Jr.*, No. 01-09-00199-CR, 2009 WL 1563000, at *1 (Tex. App.—Houston [1st Dist.] June 3, 2009, orig. proceeding) (mem. op., not designated for publication). "While a trial court has a ministerial duty to rule upon a motion that is properly and timely presented to it for a ruling, in general it has no ministerial duty to rule a certain way on that motion." *In re State ex rel. Young v. Sixth Jud. Dist. Ct. of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding) (internal quotation marks and citation omitted); *see also In re Garrett*, 2014 WL 4207148, at *1. "Consequently, mandamus is available to compel a trial court to make a ruling within a reasonable time." *Barnes*, 832 S.W.2d at 426.

4

Mendoza, however, has not provided us with a record that demonstrates his entitlement to mandamus relief. "The relator generally must bring forward all that is necessary to establish a claim for relief." *In re Potts*, 399 S.W.3d 685, 686 (Tex. App.—Houston [14th Dist.] 2013, orig. proceeding); *see also* TEX. R. APP. P. 52.3(k)(1)(a), 52.7(a)(1); *In re Garrett*, 2014 WL 4207148, at *1.

First, Mendoza's one-page mandamus petition, to which he attached uncertified and unsworn copies of his motion papers, does not meet the requirements of the Texas Rules of Appellate Procedure. For example, it does not include an appendix or record that contains a certified or sworn copy of every document that is material to Mendoza's claim for relief and that was filed in any underlying proceeding, such as his motion for DNA testing, and any order complained of, or any other document showing the matter complained of, and does not certify that copies of his petition were served on all parties, including the respondent trial court and real party in interest. *See Barnes*, 832 S.W.2d at 426; *see also* TEX. R. APP. P. 9.5(a), 52.2, 52.3(j), 52.7(a)(1), (c); *In re McKelvey, Jr.*, 2009 WL 1563000, at *1. Additionally, Mendoza's petition does not conform to Rule 52.3 in that the petition does not contain a table of contents, an index of authorities, and a statement that the person filing the petition certifies that he has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record. *See Barnes*,

832 S.W.2d at 426; *see also In re McKelvey, Jr.*, 2009 WL 1563000, at *1 (citing TEX. R. APP. P. 52.3(b), (c), (j)).

Second, "[a]lthough we will generously read the [*pro se*] relator's petition, we will hold the relator to the same procedural standards we apply to other litigants." *Barnes*, 832 S.W.2d at 426. Here, although Mendoza asserts in his petition that he filed a motion for DNA testing, he includes no documentation in his appendix demonstrating that such a motion was filed with the trial court, let alone brought to the trial court's attention. *See In re State ex rel. Weeks*, 391 S.W.3d at 121—22; *see also In re Garrett*, 2014 WL 4207148, at *1; *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding) (district clerk's knowledge of relator's motion filed with clerk is not imputed to the trial court). Thus, there is no basis for this Court to conclude on the limited information filed by Mendoza that the trial court has failed or refused to perform a ministerial duty. *See In re State ex rel. Weeks*, 391 S.W.3d at 121—22; *see also In re Garrett*, 2014 WL 4207148, at *1. We conclude that Mendoza has failed to demonstrate his entitlement to mandamus relief because "[i]n this case, relator has not provided this Court with a record that shows that he made any request of respondent to perform a nondiscretionary act that respondent refused." *In re McKelvey, Jr.*, 2009 WL 1563000, at *1.

## CONCLUSION

Accordingly, we **deny** Mendoza's mandamus petition. We **dismiss** Mendoza's motion for en banc reconsideration as moot.


Laura Carter Higley
Justice

Panel consists of Justices Keyes, Higley, and Brown.

Publish. TEX. R. APP. P. 47.2(b).