

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-16-00458-CR

**IN RE** Robert Joseph **SMITH** II

Original Mandamus Proceeding[1]

Opinion by:    Sandee Bryan Marion, Chief Justice

Sitting:        Sandee Bryan Marion, Chief Justice
               Marialyn Barnard, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  September 28, 2016

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

On July 21, 2016, relator Robert Joseph Smith II filed a petition for writ of mandamus complaining the trial court had not ruled upon two motions he filed in April, 2016. This court requested a response from the real party in interest and respondent. On August 10, 2016, the State of Texas filed a response. We have reviewed the petition and the response and conclude the writ should be conditionally granted.

Relator complains he filed a "Motion for Nunc Pro Tunc Order to Correct Jail Time Credit" and a "Motion for Nunc Pro Tunc Order Deleting Court Appointed Attorney Fees" on April 19, 2016 and the court has not ruled upon them. Mandamus is not available to compel a trial court "to rule a certain way on [a] motion." *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim.

---

[1] This proceeding arises out of Cause No. A13660, styled *State of Texas v. Robert Joseph Smith, II*, pending in the 216th Judicial District Court, Kerr County, Texas, the Honorable N. Keith Williams presiding.

App. 1987). "However, when a properly filed motion is pending before a trial court, the act of giving consideration to and ruling upon that motion is ministerial, and mandamus may issue to compel the trial judge to act." *In re Marez*, 345 S.W.3d 503, 504 (Tex. App.—San Antonio 2011, orig. proceeding). A trial court is required to consider and rule upon a properly filed motion within a reasonable time. *Id.*

The record before this court reflects the two motions at issue in this original proceeding were filed with the trial court on April 19, 2016. In its response, the real party in interest generally denies the allegations made in the petition for writ of mandamus and provides argument and authority directed to the merits of the motions pending in the trial court. However, the response fails to provide any justification for the trial court's failure to rule on the motions. Given the length of time the motions have been pending, we conclude the trial court has failed to comply with its ministerial duty to rule on the motions.

Because Relator's motions have been pending for over four months without being ruled upon by the trial court, we conditionally grant Relator's petition for writ of mandamus. The writ will issue only if the trial court fails to rule on the "Motion for Nunc Pro Tunc Order to Correct Jail Time Credit" and the "Motion for Nunc Pro Tunc Order Deleting Court Appointed Attorney Fees" within fourteen days.

Sandee Bryan Marion, Chief Justice

DO NOT PUBLISH