

# NUMBER 13-19-00560-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE RENE RIVAS JR.

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Hinojosa and Tijerina
### Memorandum Opinion by Justice Hinojosa[1]

On November 4, 2019, relator Rene Rivas Jr., proceeding pro se, filed a petition for writ of mandamus through which he seeks to compel the trial court to perform DNA testing on biological material. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01.[2] Relator

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); *see also id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] Relator has previously raised this issue through both appeal and original proceeding. *See*, *e.g.*, *Rivas v. State*, No. 13-16-00414-CR, 2017 WL 1228914, at *1 (Tex. App.—Corpus Christi–Edinburg Mar. 2, 2017, pet. ref'd) (mem. op., not designated for publication); *In re Rivas*, No. 13-16-00320-CR, 2016 WL 3911247, at *1 (Tex. App.—Corpus Christi July 11, 2016, orig. proceeding) (mem. op., per curiam).

contends that the failure to perform testing on various items, including a black dress, knife, and bedsheets, resulted in his wrongful conviction for sexual assault.

To be entitled to mandamus relief, the relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a purely ministerial act not involving a discretionary or judicial decision. *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).

It is the relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record" and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record.*"* *See generally* TEX. R. APP. P. 52.3. As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to a writ of mandamus. *Lizcano v. Chatham*, 416 S.W.3d 862, 863 (Tex. Crim. App. 2011) (orig. proceeding) (Alcala, J. concurring); *Walker,* 827 S.W.2d at 837; *see* TEX. R. APP. P. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

In this case, the relator has failed to provide a sufficient appendix or record in support of his petition for writ of mandamus and he has therefore failed to meet his burden to obtain relief. *See Walker,* 827 S.W.2d at 837; *see generally* TEX. R. APP. P. 52.3. Moreover, while a trial court has a ministerial duty to rule upon a motion that is properly and timely presented to it for a ruling, it generally has no ministerial duty to rule a certain way on that motion. *In re State ex rel. Young v. Sixth Jud. Dist. Ct. of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding); *In re Mendoza*, 467 S.W.3d 76, 78 (Tex. App.—Houston [1st Dist.] 2015, orig. proceeding). Accordingly, we deny the petition for writ of mandamus. *See In re Harris*, 491 S.W.3d at 334; *In re McCann*, 422 S.W.3d at 704.

LETICIA HINOJOSA

Delivered and filed the
4th day of November, 2019.

3