

NUMBER 13-19-00579-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE PHILLIP M. GUTHRIE

On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Perkes
### Memorandum Opinion by Justice Longoria[1]

Relator Phillip M. Guthrie, proceeding pro se, filed a petition for writ of mandamus in the above cause on November 12, 2019. Through this original proceeding, relator seeks to compel the trial court to rule on and grant relator's motion for nunc pro tunc judgment. In sum, relator contends that his judgment of conviction is incorrect because it fails to correctly credit him with time served. We deny the petition for writ of mandamus.

---

[1] See TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions); id. R. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so.").

To be entitled to mandamus relief, the relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a purely ministerial act not involving a discretionary or judicial decision. *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).

It is the relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record" and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record.*"* *See generally* TEX. R. APP. P. 52.3. As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to a writ of mandamus. *Lizcano v. Chatham*, 416 S.W.3d 862, 863 (Tex. Crim. App. 2011) (orig. proceeding) (Alcala, J. concurring); *Walker,* 827 S.W.2d at 837; *see* TEX. R. APP. P. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding)

2

(per curiam); *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *Ex parte Bates*, 65 S.W.3d 133, 134 (Tex. App.—Amarillo 2001, orig. proceeding). A relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *In re Henry*, 525 S.W.3d at 382; *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding); *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding).

In this case, the relator has failed to meet his burden to show that the trial court had a legal duty to rule, was asked to rule, and failed or refused to rule within a reasonable time. *See In re Henry*, 525 S.W.3d at 382; *In re Layton*, 257 S.W.3d at 795. Moreover, while a trial court has a ministerial duty to rule upon a motion that is properly and timely presented to it for a ruling, it generally has no ministerial duty to rule a certain way on that motion. *In re State ex rel. Young v. Sixth Jud. Dist. Ct. of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding); *In re Mendoza*, 467 S.W.3d 76, 78 (Tex. App.—Houston [1st Dist.] 2015, orig. proceeding). Accordingly, we deny the petition for writ of mandamus. *See In re Harris*, 491 S.W.3d at 334; *In re McCann*, 422 S.W.3d at 704.

NORA L. LONGORIA
Justice

Do not publish.
*See* Tex. R. App. P. 47.2(b).

Delivered and filed this the
12th day of November, 2019.