**Opinion issued November 28, 2023**



In The

# Court of Appeals

**For The**

# First District of Texas

————————————

## NO. 01-23-00731-CR

————————————

## IN RE CHRISTOPHER JOHN SHAFFER, Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

Relator Christopher John Shaffer, acting pro se, has filed a petition for writ of mandamus, requesting this Court to order the trial court to correct his sentence nunc pro tunc.[1] We deny the petition.

During a pretrial hearing before he was adjudicated guilty, Shaffer's counsel argued that the predecessor judge had found not true the enhancements to the two

---

[1] The underlying case is *The State of Texas v. Christopher John Shaffer*, cause number 16-043, pending in the 25th District Court of Colorado County, Texas, the Honorable Jessica Richard Crawford presiding.

counts of evading arrest and possession of a controlled substance. The State disagreed, asserting that the trial court had found the enhancement to count 2 true because the deferred adjudication order referred to Shaffer as a habitual offender. The order of deferred adjudication is not in the mandamus record.

The successor judge asked to review documents before proceeding with the adjudication hearing. At the adjudication hearing, the trial court accepted Shaffer's plea of guilty to count 2. Shaffer acknowledged on the record that he understood the State's recommendation of 25 years with credit for time served. The trial court signed a judgment adjudicating Shaffer guilty of possession of a controlled substance and sentencing him in accordance with the State's recommendation to 25 years in the Institutional Division of the Texas Department of Criminal Justice.

Shaffer subsequently filed a motion for judgment nunc pro tunc, which the trial court denied by order signed on September 11, 2023. Shaffer claims that the trial court had a ministerial duty to grant his motion for judgment nunc pro tunc.

To be entitled to mandamus in a criminal law matter, "the relator must show that he has no adequate remedy at law to redress his alleged harm and that the act he seeks to compel is ministerial." *In re Mendoza*, 467 S.W.3d 76, 78 (Tex. App.—Houston [1st Dist.] 2015, orig. proceeding). The denial of a motion for nunc pro tunc is not appealable but may be challenged by mandamus. *See Ex parte Ybarra*, 149 S.W.3d 147, 148–49 (Tex. Crim. App. 2004) (providing that

appropriate remedy for denial of motion for judgment nunc pro tunc is to file petition for writ of mandamus).

Here, Shaffer has not established that the trial court had a ministerial duty to grant his motion for judgment nunc pro tunc. Shaffer asked the trial court to correct the judgment based on his claim that the predecessor judge had determined the enhancement for count 2 was not true. The predecessor's determinations were allegedly documented in the order of deferred adjudication, which is not in the mandamus record. The trial court requested copies of this document and other documents to review in determining Shaffer's motion, but Shaffer has not provided these documents in the mandamus record. Because we have not been provided the documents the trial court reviewed, Shaffer has not provided a sufficient record to establish that the trial court had a ministerial duty to grant the motion for judgment nunc pro tunc. *See, e.g.*, TEX. R. APP. P. 52.3(k).

We deny the petition. *See* TEX. R. APP. P. 52.8(a). Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Kelly, Hightower, and Guerra.

Do not publish. TEX. R. APP. P. 47.2(b).