**Opinion issued June 13, 2024**



In The

# Court of Appeals

For The

# First District of Texas

_____

**NO. 01-24-00190-CR**
_____

**IN RE ROBERT E. SHAFER, Relator**

**Original Proceeding on Petition for Writ of Mandamus**

## MEMORANDUM OPINION

Relator, Robert E. Shafer, incarcerated and proceeding pro se, filed a petition for a writ of mandamus asserting that the trial court has failed to perform a ministerial duty by refusing to consider or rule on his post-conviction "Motion for the Appointment of Counsel to Prepare Application for Habeas Corpus and Litigate Ineffective Assistance of Counsel" and the corresponding "Brief on the Merits and Authority of Law to Support" his motion. Relator requested that this Court issue a

writ of mandamus "ordering [the trial court] to set, hear, and thereafter enter appropriate orders" on his motion.

This Court requested a response to relator's petition for writ of mandamus. Real party in interest, the Galveston County District Attorney's Office, filed a response the mandamus petition.

We conditionally grant the petition.[1]

## Background

On May 17, 2001, a Galveston County jury found relator guilty of the felony offense of aggravated sexual assault[2] and assessed his punishment at confinement for seventy years and a fine of $10,000. The judgment of the trial court was affirmed on appeal. *See Shafer v. State*, 82 S.W.3d 553, 557 (Tex. App.—San Antonio 2002, pet. ref'd).

According to the State's response, on or around October 1, 2003, relator filed a post-conviction application for writ of habeas corpus, asserting, among other arguments, that he was provided with ineffective assistance of counsel. On November 19, 2003, the Texas Court of Criminal Appeals denied relator's request for habeas relief without a written order. Then, approximately nineteen years later,

---

[1]     The underlying case is *The State of Texas v. Robert E. Shafer*, Cause No. 99-CR-0484, in the 56th District Court of Galveston County, Texas, the Honorable Lonnie Cox presiding.

[2]     *See* TEX. PENAL CODE ANN. § 22.021.

2

on October 21, 2022, relator filed the pro se motion at issue in this original proceeding, in which he requested appointment of counsel to pursue habeas relief on his behalf.

On the same date, relator submitted a letter to the trial court clerk requesting that his motion be brought "to the court[']s attention," and "set on docket to be ruled upon." After no action was taken on his motion for a year, on October 27, 2023, a letter was filed with the trial court clerk on relator's behalf, requesting that relator's motion "be brought to the court[']s attention for a docket setting, hearing and ruling." Nevertheless, the trial court did not take any action.

On March 8, 2024, relator filed his petition for writ of mandamus with this Court. Relator asserted that the trial court had failed to perform a ministerial act by refusing to consider his properly filed motion. Relator noted that it had been "more [than] one year since" he had filed his motion for the appointment of post-conviction habeas counsel, and no ruling had been made by the trial court. Accordingly, relator asserted that "[m]andamus is appropriate."

Relator's mandamus petition included a "verification" in which he "declare[d] under penalty of perjury that all statements of fact submitted [in the mandamus petition] and attached appendi[ces] [were] true and correct, as well as offered in good faith." Further, relator's mandamus petition included an appendix containing the following documents: (1) a letter from relator to the Galveston County District

Clerk, file-stamped October 21, 2022, requesting that his motion for appointment of post-conviction habeas counsel be brought "to the [trial] court[']s attention," and that his motion be "[s]et on docket to be heard and ruled upon," (2) the first page of relator's "Brief on the Merits and Authority of Law to Support" his motion for appointment of counsel, file-stamped October 21, 2022, (3) the first-page of relator's "Motion for the Appointment of Counsel to Prepare Application for Habeas Corpus and Litigate Ineffective Assistance of Counsel," filed-stamped October 21, 2022, and (4) a letter from Julia A. Carpenter, who purported to be relator's wife, to the Galveston County District Clerk and the trial court coordinator, file-stamped October 27, 2023, noting that relator's "motion ha[d] been pending for over a year," and requesting "that it be brought to the [trial] court[']s attention for a docket setting, hearing and ruling."

On April 2, 2024, the State filed its response to relator's petition for writ of mandamus. The State noted that on March 15, 2024, it filed, in the trial court, a response to relator's motion, asserting that the "State takes no position on whether [relator's] motion for appointment of habeas counsel should be granted or denied," but "respectfully recommend[ing] that [the trial court] proceed with the issuance of its ruling and either grant or deny that motion."

The mandamus record reflects that, as of April 2, 2024, the trial court had yet to rule on relator's "Motion for the Appointment of Counsel to Prepare Application for Habeas Corpus and Litigate Ineffective Assistance of Counsel."

**Standard of Review**

In a criminal matter, to be entitled to mandamus relief, a relator must establish that he has no adequate remedy at law to redress his alleged harm and that the act he seeks to compel is ministerial. *See In re Mendoza*, 467 S.W.3d 76, 78 (Tex. App.—Houston [1st Dist.] 2015, orig. proceeding). The relator generally must show that (1) the lower court had a legal duty to perform a nondiscretionary act; (2) the relator made a demand for performance; and (3) the subject court did not perform. *See id.*

**Analysis**

"[A] trial court has a ministerial duty to rule upon a motion that is properly and timely presented to it for a ruling . . . ." *In re State ex rel. Young v. Sixth Jud. Dist. Ct. of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). Consequently, mandamus relief may issue to compel a trial court to rule on a motion when the trial court does not rule in a timely fashion. *See In re Mendoza*, 467 S.W.3d at 78; *see also In re Garrett*, Nos. 14-14-00669-CR, 14-14-00670-CR, 2014 WL 4207148, at *1 (Tex. App.—Houston [14th Dist.] Aug. 26, 2014, orig. proceeding) (mem. op., not designated for publication). "[T]he need to consider and rule upon a motion is not a discretionary act." *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—

5

Amarillo, orig. proceeding).  To be entitled to relief, relator must establish that "the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time." *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding).

Turning to these requirements, relator must first establish that the motion at issue was properly filed, thereby triggering the trial court's duty to perform the nondiscretionary act of ruling within a reasonable time.  Relator bears the burden of providing this Court with a record sufficient to establish a right to mandamus relief. *See* TEX. R. APP. P. 52.3(k)(1)(A) (requiring relator to file appendix including "certified or sworn copy of . . . any other document showing the matter complained of"); 52.7(a) (requiring relator to file "certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding").

With his mandamus petition, relator provided the Court with the file-stamped copies of the first page of both his motion for appointment of post-conviction habeas counsel and brief in support of his motion, along with his letter requesting that the trial court set the motion for a hearing.  In its response, the State argued that we cannot determine whether relator properly filed his motion because relator "ha[d] not satisfied certain procedural requirements" for mandamus relief.  Specifically, the

State asserted that relator had not complied with Texas Rule of Appellate Procedure 52, because "[r]elator's appendix appear[red] to contain only the first page of his two-page motion for appointment of counsel," and similarly "appear[red] to only include the first page of his 13-page brief in support of his motion for counsel." Thus, according to the State, "[i]n its current state . . . the record [was] insufficient to support the granting of mandamus relief."

We find that the mandamus record suffices for our limited review. In his mandamus petition, relator requested only that this Court "[o]rder[] [the trial court] to set, hear, and thereafter enter appropriate orders" on his motion for appointment of post-conviction habeas counsel. Relator has not requested that we direct the trial court to rule a certain way on his motion, nor do we offer any opinion on how the trial court should rule. *See In re Mendoza*, 467 S.W.3d at 78 ("While a trial court has a ministerial duty to rule upon a motion that is properly and timely presented to it for a ruling, in general it has no ministerial duty to rule a certain way on that motion."). Based upon the motion's first page alone, we can discern both the nature of the motion that awaits a ruling by the trial court and the date upon which it was filed. Although we would require a full copy of the motion if we were required to determine its merits, it would not be proper for us to determine the merits of the motion before the trial court has ruled upon it in the first instance.

Based on the mandamus record presented, which included file-stamped copies of the first page of relator's motion for appointment of post-conviction habeas counsel and his brief in support of his motion, we conclude that relator properly filed his motion in the trial court because it includes all of the information that we need to determine whether the trial court had a ministerial duty to rule upon the motion and failed to comply with that duty. *See In re State ex rel. Young*, 236 S.W.3d at 210 ("[A] trial court has a ministerial duty to rule upon a motion that is properly and timely presented to it for a ruling . . . .").

Turning to the second requirement, relator must establish that the trial court was asked to rule upon the motion. *See In re Henry*, 525 S.W.3d at 381. Although "[s]howing that a motion was filed with the clerk does not constitute proof that the motion was brought to the attention of the court," *In re Smith*, 263 S.W.3d 93, 96 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding), relator has done more than that. The mandamus record provided by relator included a letter from relator, file-stamped October 21, 2022, in which he requested that his motion be "[s]et on docket to be heard and ruled upon." After approximately a year without his motion being set on the trial court's docket or ruled upon by the trial court, Carpenter, relator's wife, sent a letter to the Galveston County District Clerk and court coordinator, file-stamped October 27, 2023, stating that the motion had "been

pending for over a year." She requested "that it be brought to the court[']s attention for a docket setting, hearing and ruling."

Relator's provision of his file-stamped motion and a file-stamped request for a hearing on his motion distinguishes this case from those in which courts have denied mandamus relief. *In re Henry*, 525 S.W.3d at 382 (denying mandamus relief where relator did not supply file stamped copy of motion under review); *In re Mendoza*, 467 S.W.3d at 79 (denying mandamus relief where "relator ha[d] not provided [the] Court with a record that show[ed] that he made any request of [the trial court] to perform a nondiscretionary act that [the trial court] refused"). We conclude that, under these circumstances, relator has provided a sufficient record to establish that he requested a ruling on his motion.

Finally, to be entitled to mandamus relief, relator must establish that the trial court failed or refused to rule on his motion within a reasonable time. *See In re Mendoza*, 467 S.W.3d at 78. A trial court must be afforded a reasonable time within which to perform its ministerial duty to rule on a properly filed motion before mandamus relief is appropriate. *See In re Henry*, 525 S.W.3d at 382. However, there is no "bright-line" rule regarding what constitutes a "reasonable time," and instead, the determination is dependent on the circumstances of each case. *See In re Chavez*, 62 S.W.3d at 228; *see also In re Keeter*, 134 S.W.3d 250, 253 (Tex. App.—

9

Waco 2003, orig. proceeding) ("Whether the judge has acted within a 'reasonable' period of time, depends on the circumstances of the case.").

Here, the mandamus record reflects that relator filed his motion for appointment of post-conviction habeas counsel on October 21, 2022. Accordingly, at the time relator filed his petition for writ of mandamus on March 8, 2024, more than sixteen months had passed without the trial court ruling on relator's motion. We conclude, under these circumstances, that "reasonable time" has passed, and the trial court has failed to rule on relator's motion. *See In re Hearn*, 137 S.W.3d 681, 686 (Tex. App.—San Antonio 2004, orig. proceeding) (concluding trial court's failure to rule on relator's motion to recuse eight months after filed was unreasonable under circumstances of case); *see also In re Marez*, 345 S.W.3d 503, 503–04 (Tex. App.—San Antonio 2011, orig. proceeding) (granting mandamus relief where trial court failed to rule on relator's motion for three years).

**Conclusion**

For these reasons, we conclude that the trial court had a ministerial duty to rule on relator's motion for appointment of post-conviction habeas counsel within a reasonable time, that a reasonable amount of time has passed, and the trial court's failure to rule amounts to an abuse of discretion, for which relator lacks an adequate remedy by appeal.

Accordingly, we conditionally grant relator's petition for writ of mandamus and direct the trial court to rule on relator's October 21, 2022 "Motion for the Appointment of Counsel to Prepare Application for Writ of Habeas Corpus and Litigate Ineffective Assistance of Counsel." While we direct the trial court to rule, we do not direct the trial court to "rule a certain way" on relator's motion. *See In re Mendoza*, 467 S.W.3d at 78. We are confident that the trial court will comply with this Court's ruling, and the writ will issue only if the trial court fails to comply within thirty days of the date of this opinion. All pending motions are dismissed as moot.


April Farris
Justice

Panel consists of Justices Hightower, Rivas-Molloy, and Farris.

Do not publish. TEX. R. APP. P. 47.2(b).