Fourth Court of Appeals
San Antonio, Texas



**MEMORANDUM OPINION**

No. 04-24-00554-CR

**IN RE** Dustin Lee **OSBORNE**, Relator

Original Proceeding[1]

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
               Luz Elena D. Chapa, Justice
               Beth Watkins, Justice

Delivered and Filed: October 30, 2024

DENIED

Relator, Dustin Lee Osborne, has filed a petition for writ of mandamus, complaining that the trial court has failed to rule on a "Motion Compelling Trial Counsel to Surrender Client File," which he purportedly filed in the trial court "[m]ore than 90 days ago." Osborne seeks an order directing "the 186th Judicial District Court to [rule on] his motion, [sic] and to order trial counsel to surrender the client file." We deny the petition.

### MANDAMUS STANDARD

To be entitled to mandamus relief, the relator must establish (1) "that he has no adequate remedy at law to redress his alleged harm," and (2) "that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision." *State ex rel. Young v. Sixth Jud. Dist. Ct.*

---

[1]This proceeding is related to Cause No. 2014-CR-9229B, styled *The State of Texas v. Dustin Lee Osborne*, in the 186th Judicial District Court, Bexar County, Texas.

*of App. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). "If the relator fails to satisfy either aspect of this two-part test, then relief should be denied." *Id*.

In the context of a motion that is properly filed in the trial court, a trial court has a ministerial duty to consider and rule on such a motion within a reasonable time. *See In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding); *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding) (citing and quoting *In re Ramirez*, 994 S.W.2d 682, 683–84 (Tex. App.—San Antonio 1998, orig. proceeding)). A trial court does not, however, "have a duty to rule on free-floating motions unrelated to currently pending actions. In fact, it has no jurisdiction to rule on a motion when it has no plenary jurisdiction coming from an associated case." *In re Cash*, No. 06-04-00045-CV, 2004 WL 769473, at *1 (Tex. App.—Texarkana April 13, 2004, orig. proceeding) (mem. op., not designated for publication); *see In re Rhodes*, No. 14-15-00195-CR, 2015 WL 1247267, at *1 (Tex. App.—Houston [14th Dist.] Mar. 17, 2015, orig. proceeding) (mem. op., not designated for publication) (citations omitted).

Further, a relator seeking mandamus relief based on a trial court's failure to rule on a motion "must show that the matter was brought to the attention of the trial court and the trial court failed or refused to rule." *Hearn*, 137 S.W.3d at 685 (citing *Barnes v. State*, 832 S.W.2d 424, 426–27 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding)). Merely filing a motion with the trial court clerk is not sufficient to bring the motion to the trial court's attention. *Id*. (citations omitted).

Thus, to be entitled to mandamus relief based on a trial court's failure to rule on a motion, a relator must establish that (1) the motion was properly filed in an action currently pending before the court; (2) the relator brought the motion to the trial court's attention and requested a ruling on the motion; and (3) the trial court failed or refused to rule on the motion within a reasonable time. *See In re Burden*, No. 06-22-00075-CR, 2022 WL 1751618, at *1 (Tex. App.—Texarkana June 1, 2022, orig. proceeding) (mem. op., not designated for publication) (quoting *In re Smith*, No. 06-

18-00003-CR, 2018 WL 508324, at *1 (Tex. App.—Texarkana Jan. 23, 2018, orig. proceeding) (mem. op., not designated for publication)); *Rhodes*, 2015 WL 1247267, at *1 (citations omitted).

## DISCUSSION

In his petition, Osborne seeks an order compelling the trial court to rule on a motion he purportedly filed in the trial court. Osborne therefore must show that (1) he properly filed the motion in an action currently pending before the trial court; (2) he brought the motion to the trial court's attention and requested a ruling on the motion; and (3) the trial court has failed or refused to rule on the motion within a reasonable time.

*Osborne Failed to Show that He Filed a Motion or Requested a Ruling on a Motion*

As an initial matter, Osborne bears the burden of providing this court with a sufficient record to establish his right to relief. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1); *In re Coleman*, No. 03-14-00432-CV, 2014 WL 4179431, at *1 (Tex. App.—Austin Aug. 19, 2014, orig. proceeding) (mem. op.). Osborne, however, failed to provide a file-stamped copy of the motion purportedly filed in the trial court, any other proof that the motion was, in fact, filed in the trial court, or any evidence to show that the motion was brought to the trial court's attention and a ruling on the motion was requested; in fact, Osborne failed to provide this court with any record at all. Osborne has therefore failed to show that he filed a motion in the trial court or that he brought any motion to the trial court's attention and requested a ruling thereon. Accordingly, Osborne has failed to establish that he is entitled to mandamus relief. *See In re Mendoza*, 467 S.W.3d 76, 79 (Tex. App.—Houston [1st Dist.] 2015, orig. proceeding); *Coleman*, No. 2014 WL 4179431, at *1; *Molina*, 94 S.W.3d at 886.

*Osborne Did Not File a Motion in an Action Pending Before the Trial Court*

Moreover, even if Osborne established that the motion had been filed and presented to the trial court with a request for a ruling, Osborne still would not be entitled to relief, because he did not file his motion in an action pending before the trial court.

In his petition, Osborne asserts that he filed the motion in trial court cause number 2014-CR-9229B in the Bexar County District Court. But Osborne was convicted and sentenced to a term of imprisonment in cause number 2014-CR-9229B, and this court affirmed his conviction and sentence more than six years ago. *Osborne v. State*, No. 04-17-00104-CR, 2018 WL 2121016, at *1, *7 (Tex. App.—San Antonio May 9, 2018, pet. ref'd) (mem. op., not designated for publication). As a result, the trial court lacks jurisdiction over the underlying criminal case. *See State v. Patrick*, 86 S.W.3d 592, 594, 596 (Tex. Crim. App. 2002) ("Jurisdiction expires when a case becomes final or is taken to a higher court."); *Pickens v. State*, No. 03-19-00825-CR, 2020 WL 962393, at *1 (Tex. App.—Austin Feb. 28, 2020, no pet.) (mem. op., not designated for publication); *Rhodes*, 2015 WL 1247267, at *1; *Ex parte Matthews*, 452 S.W.3d 8, 13 (Tex. App.—San Antonio 2014, no pet.) (discussing how long trial court's plenary power continues after sentencing and explaining that "[a]fter its plenary power over a cause expires, the trial court generally lacks the authority to take any action in the cause").

Further, Osborne fails to identify, and we are not aware of, any constitutional provision or "statute that would give the trial court jurisdiction over" a free-floating motion, not associated with a currently pending case, seeking an order compelling former counsel to provide a former client with the client's file.[2] *Rhodes*, 2015 WL 1247267, at *1; *see Patrick*, 86 S.W.3d at 594, 596; *Cash*, 2004 WL 769473, at *1.

---

[2] We note that Osborne states, in his petition, that he "requires the client file in order to perfect a writ of habeas corpus under Article 11.07." The petition therefore shows that Osborne has not invoked the trial court's jurisdiction by filing an application for writ of habeas corpus because, although he intends to file an application for writ of habeas corpus, Osborne has not yet filed a habeas application.

We therefore conclude that the trial court had neither jurisdiction nor a duty to rule on Osborne's motion. *See Rhodes*, 2015 WL 1247267, at *1; *Cash*, 2004 WL 769473, at *1; *see also Patrick*, 86 S.W.3d at 594, 596. Accordingly, Osborne has failed to establish that he seeks to compel a ministerial act and has failed to establish that he is entitled to mandamus relief.

## CONCLUSION

Based on the foregoing, we deny Osborne's petition for writ of mandamus.

PER CURIAM

DO NOT PUBLISH

---

Moreover, if Osborne had filed the motion in connection with a habeas proceeding, we would have no jurisdiction over a petition seeking to compel the trial court to rule on the motion, because "[w]e have no jurisdiction over a mandamus petition relating to a final post-conviction felony habeas corpus proceeding." *In re Lares*, No. 04-17-00305-CR, 2017 WL 2960393, at *1 (Tex. App.—San Antonio July 12, 2017, orig. proceeding) (mem. op., not designated for publication); *see* TEX. CODE CRIM. PROC. ANN. art. 11.07, §§ 3, 5; *Ater v. Eighth Ct. of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); *In re Perryman*, No. 04-11-00300-CR, 2011 WL 2165145, at *1 (Tex. App.—San Antonio May 25, 2011, orig. proceeding) (mem. op., not designated for publication) (citations omitted) ("Only the Texas Court of Criminal Appeals has jurisdiction over matters related to post-conviction habeas corpus proceedings."); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding).