**Opinion issued December 31, 2024**



In The

# Court of Appeals

For The

# First District of Texas

_____

### NO. 01-24-00864-CR

### NO. 01-24-00865-CR

### NO. 01-24-00866-CR

_____

### IN RE MARCUS TYRONE GRANT, Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

### MEMORANDUM OPINION

Relator Marcus Tyrone Grant has filed a pro se petition for writ of mandamus, challenging a pretrial order signed September 27, 2024 by the Honorable Robert H. Trapp, Judge of the Second Administrative Judicial Region. This order denied

Grant's motion to disqualify the trial judge.[1] He states that he is currently incarcerated and has attached a copy of a complaint that charges him with knowingly manufacturing/delivering a controlled substance of one gram or more but less than four grams. Grant does not state what other offenses he has been charged with in the other two causes. We deny the petition.

To be entitled to mandamus relief in a criminal matter, a relator must show that the act he seeks to compel is ministerial and he lacks an adequate remedy at law to redress his complaint. *See In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). To establish a violation of a ministerial duty, the relator generally must show: (1) the lower court had a "legal duty to perform a nondiscretionary act; (2) the relator must have made a demand for performance; and (3) the subject court must have refused that request." *In re Mendoza*, 467 S.W.3d 76, 78 (Tex. App.—Houston [1st Dist.] 2015, orig. proceeding).

Rule 18a sets out the requirements for seeking recusal or disqualification of a judge. *See* TEX. R. CIV. P. 18a. Rule 18a(a) requires a party seeking disqualification to file a verified motion and to "state with detail and particularity facts that" are within the affiant's knowledge or based on information and belief, would be

---

[1] The underlying case is *State of Texas v. Marcus Tyrone Grant*, cause number 24-10-19288 & 24-08-19233 pending in the 506th District Court of Waller County, Texas, the Honorable Gary W. Chaney presiding.

admissible in evidence, and would, if proven, be sufficient to justify disqualification. *Id.* 18a(a)(1), (4).

Grant attached a copy of the order signed by Judge Trapp, which states that the trial court judge, the Honorable Gary W. Chaney, declined to disqualify himself and referred the motion to the Presiding Judge of the Second Administrative Judicial Region, as required by Rule 18a. *See id.* 18a. The order further states that the motion did not state legally sufficient grounds for disqualification, was not verified, and did not "state 'with detail and particularity facts that are within the affiant's personal knowledge or on information or belief' . . . and 'would be admissible in evidence, and if proven would be sufficient to justify recusal or disqualification.'" *Id.* 18a(a)(1), (4). The order indicates that the trial court complied with the requirements to either sign an order of recusal or disqualification or refer the motion to the regional presiding judge. *See id.* 18a(f).

Grant has not attached a copy of his motion to disqualify and therefore, we are unable to determine the grounds for disqualification Grant alleged. Absent a copy of the motion to disqualify, we are unable to determine whether Grant's motion was verified or, as the trial court's order states, it set out detailed facts within his personal knowledge and belief that would be admissible in evidence. Accordingly, Grant has failed to establish a violation of a ministerial duty by the trial court.

We deny the petition. *See* TEX. R. APP. P. 52.8(a).

3

**PER CURIAM**

Panel consists of Justices Kelly, Hightower, and Guerra.

Do not publish. TEX. R. APP. P. 47.2(b).