

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-25-00067-CR

IN RE DEAUNDRE DEJUAN MACK

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

Relator, DeAundre Dejuan Mack, has filed a pro se petition for mandamus relief requesting to "move these courts to adjudicate . . . in the Cause in District Court that has since been abandoned by the prosecution."[1] Mack's one-page petition states that he mailed a motion to dismiss for lack of prosecution on due process and speedy trial grounds to the Harrison County District Clerk on March 12, 2025.

Since Mack does not provide us with a record, we cannot determine whether the motion was properly before the trial court to trigger a ministerial duty to consider it. Additionally, in the absence of a record, Mack does not show himself entitled, via mandamus, to a ruling on the merits. We find that Mack has not shown entitlement to mandamus relief.

## I.  Factual Background

Mack's petition indicates that he is incarcerated in the Texas Department of Criminal Justice, Huntsville Unit. His petition asserts that on May 12, 2025,[2] he mailed a motion to dismiss for lack of prosecution to the Harrison County District Clerk asserting violations of his due process and speedy trial rights. His petition alleges that no action has been taken in that cause and that the prosecution has effectively abandoned the case for nearly ten years. He does not describe the nature of the case. Mack claims the pending offense impedes "a clear pathway

---

[1] Mack failed to identify the Respondent or the Real Party in Interest. Mack also does not certify that he served a copy of the petition on the Respondent or the Real Party in Interest.

[2] "[A] document is considered filed by a *pro se* inmate on the day it is deposited with the prison or jail authorities." *Ex parte Sinegar*, 324 S.W.3d 578, 581 (Tex. Crim. App. 2010). "Appellate rule 9.5 provides that service upon a party by mail is complete upon mailing." *Id.*

for his parole eligibility."[3]  Mack's petition can be interpreted to raise two issues:  (1) requesting this Court to rule on the merits of the speedy trial motion and (2) ordering the trial court to rule on his speedy trial motion.

## II.     Applicable Law

### A.     The Mandamus Standard

To be entitled to mandamus relief, a relator must show (1) that the relator has no adequate remedy at law for obtaining the relief the relator seeks and (2) that the relator seeks to compel a ministerial act rather than a discretionary act.  *Powell v. Hocker*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding).  To be entitled to mandamus relief in the form of ordering the trial court to rule on a motion, Mack must establish that "the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time."  *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding) (per curiam).  "To show 'a clear right to the relief sought,' a relator must show that the facts and circumstances of the case 'dictate but one rational decision "under unequivocal, well-settled . . . and clearly controlling legal principles."'"  *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding) (quoting *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding)).  "The

---

[3]*See Ex parte Bynum*, 772 S.W.2d 113, 115 (Tex. Crim. App. 1989) (per curiam) ("[T]he filing of the detainer or hold may have adverse effects upon the prisoner.  A person may be denied opportunities open to other prisoners such as elevation to trusty status or a particular work station.  The person's privileges may be curtailed.  The individual's chance for early parole may also be disadvantaged, with a correlative concern regarding any rehabilitative process desired by the prison system.  In general terms, as our earlier cases have noted, the prisoner is in the constructive detention of the jurisdiction lodging the detainer.  Although not in physical custody, he nevertheless may be required, pursuant to the detainer, to be subjected to the criminal process of the jurisdiction placing the hold on him.").

requirement of a clear legal right necessitates that the law plainly describes the duty to be performed such that there is no room for the exercise of discretion." *Winters v. Presiding Judge of Crim. Dist. Ct. No. Three of Tarrant Cnty.*, 118 S.W.3d 773, 775 (Tex. Crim. App. 2003) (orig. proceeding).

### B.      Presentment

"[A] trial court has a ministerial duty to rule upon a motion that is *properly and timely presented* to it for a ruling . . . ." *State ex rel. Young v. Sixth Jud. Dist. Ct. of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding) (emphasis added). "[M]erely filing a motion is insufficient" to put the trial court on notice that a party wants a hearing or a ruling on that motion. *Stokes v. State*, 277 S.W.3d 20, 24 (Tex. Crim. App. 2009); *see Carranza v. State*, 960 S.W.2d 76, 78–79 (Tex. Crim. App. 1998) ("[A] trial court should not be reversed on appeal on a matter that was never brought to the trial court's attention."). "While a trial court has a ministerial duty to rule upon a motion that is properly *and timely presented* to it for a ruling, in general it has no ministerial duty to 'rule a certain way on that motion.'" S*tate ex rel. Young*, 236 S.W.3d at 210 (emphasis added) (quoting *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding)). When seeking mandamus relief on failure-to-rule grounds, the record must show that the matter was presented to the trial court for consideration and ruling; merely filing a document with the district clerk does not impute the clerk's knowledge of the filing to the trial court and "does not equate to a request that the trial court rule on the motion." *In re Craig*, 426 S.W.3d 106, 107 (Tex. App.—Houston [1st Dist.]

2012, orig. proceeding) (per curiam) (relator requesting mandamus relief to force the trial court to rule on a motion for judgment nunc pro tunc).

"It is a relator's burden to provide a sufficient record to establish that relator is entitled to relief." *In re Pete*, 589 S.W.3d 320, 321 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding) (per curiam); s*ee* TEX. R. APP. P. 52.3(k)(1)(B) (a relator must provide the mandamus court with "a certified or sworn copy of . . . any other document showing the matter complained of"); TEX. R. APP. P. 52.7(a)(1) (a relator must file "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding").[4] A request for mandamus relief must be supported by the record. *In re Henry*, 525 S.W.3d at 382 (denying mandamus relief when a file-stamped copy was not in the mandamus record); *In re Mendoza*, 467 S.W.3d 76, 79 (Tex. App.—Houston [1st Dist.] 2015, orig. proceeding) (stating "relator ha[d] not provided [the] Court with a record that show[ed] that he made any request of [the trial court] to perform a nondiscretionary act that [the trial court] refused" (quoting *In re McKelvey, Jr.*, No. 01-09-00199-CR, 2009 WL 1563000, at *1 (Tex. App.—Houston [1st Dist.] June 3, 2009, orig. proceeding) (per curiam) (mem. op.))).

---

[4]"Relator has failed to (1) include a statement of facts supported by citations to competent evidence included in the appendix or record, (2) provide a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record, and (3) file an appendix and record sufficient to support the claim for relief." *In re De Loera*, No. 13-21-00300-CR, 2021 WL 4296414, at *1 (Tex. App.—Corpus Christi–Edinburg Sept. 21, 2021, orig. proceeding) (not designated for publication); s*ee* TEX. R. APP. P. 52.3(a)–(k).
   Also, the documents attached to Mack's petition are not properly certified. *See* TEX. R. APP. P. 52.7. Additionally, Mack failed to certify that the factual recitations in his petition are supported by competent evidence in the mandamus record and that he served a copy of the petition and mandamus record on the Respondent or counsel of record for the Real Party in Interest. *See* TEX. R. APP. P. 9.5, 52.3(j).
   "Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks." *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam); *In re McCoin*, No. 06-10-00235-CR, 2011 WL 13247554, at *1 (Tex. App.—Texarkana Jan. 4, 2011, orig. proceeding) (mem. op., not designated for publication).

"[W]ithout knowing the specifics of [petitioner's] alleged motion[,] . . . we cannot assess whether said motion was simple or complex, nor can we properly counterbalance the motion's complexity and the time it would take to resolve the motion against the competing demands of the trial court's docket at large." *In re Harris*, No. 08-19-00208-CR, 2019 WL 6242315, at *2 (Tex. App.—El Paso Nov. 22, 2019, orig. proceeding) (not designated for publication). "In the absence of file-stamped copies of the motions, relator has not established that his motions are actually pending in the trial court." *In re Pete*, 589 S.W.3d at 321.

## III.    Analysis

Mack did not demonstrate presentment to the trial court. Mack did not bring forward a record of the proceedings below. Mack's petition asserts that he mailed a request to the district clerk on March 12, 2025. But there is only Mack's statement in the petition concerning that request; there is no record containing the request (such as a letter or a motion and proposed order to compel a hearing in the trial court) itself as mailed to the district clerk. Nor is there a record showing presentment of the request to the trial court. Mack has only averred that he sent the motion to the clerk. Presentment requires more. *In re Prado*, 522 S.W.3d 1, 2 (Tex. App.—Dallas 2017, orig. proceeding).[5,6]

---

[5]"The petition . . . does not establish the manner in which relator has called these motions to the attention of the trial court." *In re Prado*, 522 S.W.3d at 2. "Absent proof that the motions were properly filed, and that the trial court has been requested to rule on the motions but refused to do so, relator has not established his entitlement to the extraordinary relief of a writ of mandamus." *Id.*

[6]In the absence of a record on presentment, there is also an absence on the time elapsed between presentment, if any, and the date of the mandamus petition. *See id.* Since we do not have a record indicating that the trial court has been requested to rule on the motion, we cannot determine that an unreasonable time has passed. *See In re Hearn*, 137 S.W.3d 681, 686 (Tex. App.—San Antonio 2004, orig. proceeding) (stating eight months was unreasonable for a trial court to rule based on the facts of the case); *see also In re Marez*, 345 S.W.3d 503, 503–04 (Tex. App.—

Since Mack failed to comply with the required procedures for mandamus relief, we cannot determine whether "the law he invoke[d] is definite, unambiguous, and unquestionably applies to the indisputable facts of the case." *State ex rel. Young*, 236 S.W.3d at 210. Without a record, there is no showing of what, if any, action Mack took (if, indeed, any such action is required) nor is there any showing of whether the detainer alleged is subject to the Interstate Agreement on Detainer Act (IADA),[7] if that state is a party. *See* 18 U.S.C.A. App. 2, § 2; Tex. Code Crim. Proc. Ann. art. 51.14 (Texas IADA).

In sum, we cannot reach the merits since the mandamus record is not complete.

## IV. Conclusion

Without a sufficient record, we cannot make a determination. In the absence of such a record, Mack has not established that he is entitled to the extraordinary relief of a writ of mandamus.

Accordingly, we deny Mack's petition for a writ of mandamus.


Jeff Rambin
Justice

Date Submitted:     August 5, 2025
Date Decided:      August 6, 2025

Do Not Publish

---

San Antonio 2011, orig. proceeding) (stating three years was sufficient to grant mandamus relief after trial court failed to rule on the motion).

[7]"The IADA's purpose is 'to encourage the expeditious and orderly disposition of [outstanding] charges and determination of the proper status of any and all detainers based on untried indictments, informations, or complaints,' and its underlying rationale is that such charges and detainers 'produce uncertainties which obstruct programs of prisoner treatment and rehabilitation.'" *Lopez v. State*, 615 S.W.3d 238, 254 (Tex. App.—El Paso 2020, pet. ref'd) (alteration in original) (quoting Tex. Code Crim. Proc. Ann. art. 51.14, art. I).

7